277 So.2d 66 (1973)
STATE of Florida ex rel. Oscar Nolan LEE, Relator,
v.
The Honorable William Lamar ROSE, Circuit Judge of the Twentieth Judicial Circuit IN AND FOR LEE COUNTY, Florida, Respondent.
No. 73-100.
District Court of Appeal of Florida, Second District.
May 4, 1973.
Patrick E. Geraghty, of Henderson, Franklin, Starnes & Holt, Fort Myers, for relator.
Robert L. Shevin, Atty. Gen., Tallahassee, and Frank B. Kessler, Asst. Atty. Gen., Tampa, for respondent.
BOARDMAN, Judge.
Relator, Oscar Nolan Lee, on February 5, 1973, filed in this court his suggestion for writ of prohibition to prohibit respondent, Honorable William Lamar Rose, circuit judge for Lee County, from proceeding with further prosecution of an information filed against relator charging him with the crime of manslaughter in violation of Section 860.01(2), Florida Statutes 1971, F.S.A.
This case was set for trial commencing on February 19, 1973. Upon examination of the record as filed here, a determination was made that the relator made out a prima facie case in the suggestion for prohibition. Accordingly, on February 9, 1973, after reading the suggestion, brief of relator, and the accompanying copy of the necessary papers in the trial court proceeding, we issued a rule to show cause addressed to Judge Rose, returnable before the court on February 14, 1973, at 3 o'clock P.M. *67 Copies of the Rule Nisi were duly served upon Judge Rose, the state attorney, attorney for relator, and the proper office of the attorney general.
The respondent, Judge Rose, was represented by an assistant attorney general, who filed a response in his behalf. After hearing oral arguments of counsel for the respective parties, and upon careful consideration of the contentions raised by them, we entered an order that the Rule Nisi previously issued on February 9, 1973, be discharged and the suggestion for writ of prohibition be denied.
We re-examined the entire record, including the briefs of the parties, in this court before making final disposition of the cause here.
The sole question here is: From what date does the 180-day time period commence to run in this cause as provided in Speedy Trial Rule 3.191, RCrP 33 F.S.A., promulgated by the Supreme Court of Florida?
The pertinent part of Rule 3.191(a)(1), 33 F.S.A., entitled "Speedy Trial Without Demand" reads as follows:
"... The time periods established by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged... ."
The salient undisputed facts are as follows, to wit:
On June 21, 1972, relator was involved in an automobile accident in which a pedestrian was injured; on June 22, 1972, relator was arrested on the charge of driving while intoxicated in violation of Florida Statutes, Section 316.028, F.S.A.; he was admitted to bail and released from jail on the same day; on July 19, 1972, the victim died; on August 21, 1972, the state attorney for the Twentieth Judicial Circuit filed an information against the relator charging him with the crime of manslaughter, in violation of Florida Statutes, Section 860.01(2) F.S.A.; on October 11, 1972, relator voluntarily appeared at jail and was released on bond; he was arraigned on November 6, 1972, and entered a plea of not guilty, and trial was scheduled for December 12, 1972; on December 12, 1972, the state requested the trial be continued until February 19, 1973; the court orally continued the trial until February 19, 1973; on December 12, 1972, relator filed notice of objection to continuation of trial; on December 29, 1972, relator filed a motion for discharge; the trial judge denied the said motion on January 12, 1973, finding, among other matters, that the time began under the Speedy Trial Rule on July 19, 1972, the date the pedestrian expired; subsequent pleadings were filed which we do not deem necessary to set forth here in view of our opinion.
Relator's contention is, stated briefly, that his arrest on June 22, 1972, on the charge of driving while under the influence of intoxicating beverage (DWI) started the running of the 180-day period in this case.
Respondent's contention is that the time began to run on October 11, 1972, the date relator was arrested on the manslaughter charge when he voluntarily appeared at the Lee County Jail and that, therefore, the time would not expire under the rule until April 11, 1973, or, in the alternative, the time period provided in Rule 3.191(a)(1) was tolled under Rule 3.191(f), RCrP, entitled "Exceptional Circumstances" allowing the court in its discretion to order an extension of time when exceptional circumstances are found to exist.
We do not believe, as is contended by the relator, that June 22, 1972, is the date the Speedy Trial Rule began to run. Likewise, we do not think the date that triggered the 180-day period under the Rule, supra, is July 19, 1972, the date of the death of the pedestrian as was found by the learned trial judge in his order of January 12, 1973, denying relator's motion *68 for discharge. We also add that, in view of the record, we cannot find justification either in law or fact to decide this case on the existence of "Exceptional Circumstances" under Rule 3.191(f), RCrP.
Relator relies on a recent case, State ex rel. Allen v. Taylor, Fla.App. 1972, 267 So.2d 689, construing Rule 3.191(a)(1). We do not disagree with the conclusion reached in the cited case; we submit the case is distinguishable on facts from the case sub judice. We are also aware of the very recent decision of our Supreme Court in the case styled, Allen v. State, Fla. 1973, 275 So.2d 238. We agree with the law enunciated in the cited case, but submit it does not affect our decision in the case sub judice. Here, the conduct or criminal episode was present in the driving while intoxicated and relator was so charged; however, at that time, to wit: June 22, 1972, the criminal conduct or episode only gave rise to that offense  a misdemeanor. It was not possible until the pedestrian died on July 19, 1972, that the conduct or criminal episode gave rise to the crime of manslaughter and this is the crime with which relator stands charged. Obviously, relator could not have been charged with manslaughter unless and until death occurred.
Our interpretation and construction of Rule 3.191(a)(1), RCrP leads to the unalterable conclusion that October 11, 1972, is the date from which the time period of 180 days in the Speedy Trial Rule began to run  the date that relator voluntarily surrendered himself to the law enforcement authorities at the county jail for the crime of manslaughter. The trial having been previously set by the trial judge for February 19, 1973, is clearly within the authorized time period.
In the light of the circumstances of the case, the contention as to the Speedy Trial Rule barring trial is without merit, and the Writ of Prohibition is denied and the Rule Nisi heretofore entered is dismissed.
LILES, J., concurs.
MANN, C.J., concurs specially.
MANN, Chief Judge (concurring specially).
I concur in the result, because Donaldson v. Sack, Fla. 1972, 265 So.2d 499, specifically held that the transfer to courts of record of formerly capital crimes might create exceptional circumstances justifying continuance of cases otherwise subject to dismissal under CrPR 3.191. This finding of the trial judge is not shown to be erroneous, and we should affirm on this narrow ground. Prosecutors may be lulled into a false sense of security by the majority opinion in this case.