BOOTH, Judge.
This cause is before us on Petition for Writ of Prohibition to prevent the Respondent, Circuit Judge of the First Judicial Circuit, from proceeding with the trial of Relator for murder in the first degree. The Petition asserts that the Speedy Trial Rule, Rule 3.191, Florida Rules of Criminal Procedure, has been violated and prevents his trial for the offense charged.
Facts set forth in the Petition and appendix thereto are that Relator was arrested and charged by information on August 19, 1977, with attempted first degree murder. On September 7,1977 he filed a demand for a speedy trial and trial was set for October 25, 1977. On September 21, 1977, the victim died.[1] An indictment for first degree murder was returned October 3, 1977 and the State entered a nolle prosequi on the attempted murder charge. Subsequently, on motion of Relator charging the grand jury was improperly constituted, the indictment was dismissed, a new indictment for first degree murder was returned October 27, 1977 and trial set for January 16, 1978.
Based on the foregoing facts the Relator filed a motion on January 13, 1978 for discharge for failure to grant his demand of September 7, 1977, for a speedy trial. Hearing was held and the motion denied. Relator relied on subsection (h)(2) of Rule 3.191, which is as follows:
“Nolle Prosequi; Effect. The intent and effect of this rule shall not be avoided by the State by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new and different charges based on the same conduct or criminal episode whether or not the pending charge is suspended, continued or is the subject of entry of a nolle prosequi.”
The obvious intent and purpose of the foregoing provision is that once the time period of Rule 3.191 begins to run, it runs as to charges arising from the alleged crim *475 inal conduct which could be brought against the accused at that time. This provision is designed to prevent successive charges for various offenses arising from the same criminal conduct, thereby circumventing the speedy trial requirement.
At the time of Relator’s indictment in this case for attempted murder in the first degree, the victim still lived and the charge of murder in the first degree, although arising from the same criminal conduct, was not available as a charge against Relator. On the death of the victim, a new and distinct crime was consummated.[2] The contention made here that Relator cannot now be made to stand trial for that crime is thus totally without merit and would, indeed, make a mockery of the law.
Equally without merit is Relator’s contention that his demand for a speedy trial as to the indictment for attempted murder carry over to the subsequent indictment for murder. The speedy trial period cannot begin to run until a demand has been filed after the defendant has been charged with a crime by indictment, information or trial affidavit. Hanks v. Goodman, 253 So.2d 129, 130 (Fla.1971); State v. Gravlee, 276 So.2d 480 (Fla.1973). A demand filed prior to the indictment is a nullity. Rembert v. State, 284 So.2d 428 (3d DCA 1973).
The Petition fails to make a prima facie ease. Issuance of rule nisi is denied and the Petition DISMISSED.
BOYER, Acting C. J., and MILLS, J., concur.

. On September 22 the State filed a motion for continuance and extension of time but this motion was apparently never heard.

. Southworth v. State, 98 Fla. 1184, 125 So. 345 (1929). The victim of a robbery died after the defendant had been convicted of robbery. Thereafter an indictment was brought for murder arising from the same conduct, and defendant was convicted. The Florida Supreme Court held that double jeopardy did not prevent the convictions, stating:
“At the time of the conviction for robbery, Wells was still living, and the crime of murder had not been committed. The force had been inflicted upon the body of Wells, but his death had not ensued. The force was acting to produce its effect, and the defendant was as much responsible for its natural and necessary result as if he had all the while been pressing it upon the body of his victim. When death was caused by that force, a new and distinct crime was consummated by the defendant, of which he was not before guilty, and for which he could not have been convicted at the time of the fírst prosecution." (e.s.)