**Steve Andrew KARPEAL, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–062–CR.**

Court of Appeals of Texas, Fort Worth.

Feb. 17, 1982.

Discretionary Review Refused May 5, 1982.

Smith & Douglass and James E. Cook, Wichita Falls, for appellant.

Timothy D. Eyssen, Dist. Atty., and Donald E. Maxfield, Asst. Dist. Atty., Wichita Falls, for appellee.

Before HUGHES, RICHARD L. BROWN and JORDAN, JJ.

## OPINION

JORDAN, Justice.

Appellant was convicted of the offense of aggravated robbery in Cause No. 17,963–A in Wichita County, Texas, and was assessed punishment by the jury at confinement in the Texas Department of Corrections for not less than five nor more than twelve years. He appeals on three grounds of error, the last of which was first asserted by appellant in his second supplemental brief.

We affirm.

On June 3, 1978, shortly before midnight, the appellant and one Marvin Walton met Steven Allen Foust, a student airman at Sheppard Air Force Base, Wichita Falls, Wichita County, Texas, at a bar in Wichita Falls and offered to take him back to Sheppard Air Force Base. On the way back, appellant and Walton stopped their car, drew pistols on Foust, took him to an open field where they made him remove his trousers, then fled with Foust's trousers and its contents, including money.

Approximately two hours later, at about 1:30 A.M. on June 4, 1978, the appellant and Marvin Walton met three other student airmen, Steven Gerber, Tony James Price and Keith William Sonderman, at another bar in the same area in Wichita Falls. Again, appellant and Walton started back to Sheppard Air Force Base taking the same route they had taken with Foust. Again, they forced the three student airmen at gunpoint to walk out into an open field, and relieved them of their trousers. Appellant and Walton then took off with the airmen's pants and contents. While appellant and Walton were attempting to flee, Sonderman, one of the airmen, jumped appellant and during a tussle with appellant and Walton, Sonderman's leg was broken.

The chronology of events thereafter leading up to the filing of this appeal follows:

1. Appellant and Marvin Walton were arrested together on June 6, 1978, and were identified as the perpetrators of both above described robberies by all four victims of the two robberies.

2. When arrested, Marvin Walton had in his possession a Colt "Buntline" .22 caliber handgun which fit the description of the weapon reported by Foust to the police as the type of weapon that Walton had used at the time of the first robbery of Foust on June 3, 1978.

3. On June 14, 1978 the Wichita County Grand Jury returned indictments against appellant and Walton in Cause No. 17,-962-A for aggravated robbery of Tony James Price, in Cause No. 17963-A for aggravated robbery of Steven Allen Foust (the case on appeal here), and in Cause No. 17964-A for aggravated assault for breaking William Keith Sonderman's leg.

4. All three above numbered causes were placed on the September, 1978 trial dockets for the District Courts of Wichita County.

5. On August 29, 1978 the District Attorney requested subpoenas for all four airmen-victims in all three cases.

6. Cause No. 17962-A against appellant for aggravated robbery of Tony James Price was tried on September 18 and 19, 1978, resulting in a conviction and a sentence of 16 years for appellant. All four subpoenaed airmen-witnesses were present during this trial.

7. On October 5, 1978, the trial court granted appellant a new trial in Cause No. 17962-A.

8. Neither of the three cases were set for trial on the October or November Dockets of the District Courts.

9. On November 13, 1978 appellant filed a motion to dismiss prosecution of Cause Nos. 17963-A and 17964-A under V.A.C.C.P. art. 32A.02, the Speedy Trial Act.

10. This motion was heard by the court on November 21, 1978 and was denied. Cause No. 17963-A was set for trial for December 11, 1978.

11. On November 22, 1978, the District Attorney requested subpoenas for all four airmen-witnesses for appearance for trial on December 11, 1978.

12. At this time three of these airmen were out of the country and one was out of state.

13. On December 11, 1978, when Cause No. 17963-A was set for trial, a continuance was granted appellant because of the illness of his counsel, and the cause re-set for trial December 18, 1978.

14. On December 18, 1978 appellant was tried and convicted in Cause No. 17963-A, of aggravated robbery against Steven Allen Foust. He was sentenced to 12 years confinement.

Appellant's first ground of error complains of the trial court's refusal to grant his motion to dismiss the prosecution of Cause Nos. 17963-A and 17964-A. It is appellant's position that since Cause No. 17963-A, now on appeal, was not tried within 120 days from July 1, 1978 that it should be dismissed under the provisions of V.A.C.C.P. art. 32A.02, sec. 1(1). Since the indictment against appellant in Cause No. 17963-A was returned on June 14, 1978, the time limits prescribed by the Speedy Trial Act [art. 32A.02, sec. 1(1)] began to run on

July 1, 1978. *Wade v. State*, 572 S.W.2d 533 (Tex.Cr.App.1978).

At the trial of Cause No. 17962–A on September 18 and 19, 1978, the State had available two of the four airmen, all of whom were potential witnesses in one or all of these causes. All four had been subpoenaed. At least three of them, all airmen, were out of the State of Texas or out of the United States. After the trial of Cause No. 17962–A, which resulted in conviction of appellant, all the witnesses were released by the court and returned to their respective air bases.

It should be noted that all three causes had been set for trial for the week of September 18, 1978 and, as already shown, No. 17962–A was tried. The other two causes were not tried that week, for reasons which are not shown by the record.

At the hearing on November 21, 1978, of appellant's motion to dismiss Cause Nos. 17963A and 17964–A, it was shown that these four airmen-witnesses were again scattered, some out of the country and at least one more out of state. We think it is clear from this record that there were unusual circumstances involved in bringing all these cases to trial because of the fact that all of the necessary witnesses were service men stationed at some distances from Wichita Falls, Texas.

The State was ready to try any or all three cases the week of September 18, 1978.

▪ The trial court, for reasons not shown by the record, granted a new trial in Cause No. 17962–A, and the State did not thereafter request a trial setting for any of these three causes. There is no requirement in the Speedy Trial Act that the State actually attempt to set a case for trial within the 120 days. The mandate of that legislation is that the State must show itself ready for trial once the defendant invokes the provisions of the Act. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979).

▪ We think that appellant's first ground of error must be overruled under two different provisions of article 32A.02. Section 4 of the Act provides that "in computing the time by which the state must be ready for trial, the following periods shall be excluded: (1) a reasonable period of delay resulting from other proceedings involving the defendant, including but not limited to proceedings for the determination of competence to stand trial, hearing on pretrial motions, appeals, and trials of other charges." In this case, there were a total of three cases filed against appellant, one of which was tried and after conviction resulted in the granting of a new trial. We think it could reasonably be concluded that the 120 days in this case should commence after October 5, 1978, when the new trial in Cause No. 17962A was granted. But, at any rate, the release of the witnesses in all these cases by the court, after the trial in September, 1978 of No. 17962–A, and their scattering to different bases in and out of this country, we think, brings this particular case within section 4(1), above quoted.

▪ Moreover, section 4(10) of the Act provides for the exclusion in computation of the 120 days "any other reasonable period of delay that is justified by exceptional circumstances." We hold that the granting of the new trial on October 5, 1978 in Cause No. 17962–A, the fact that all necessary witnesses in these causes were out of state or out of country servicemen, who could not be standing by available in Wichita Falls for several weeks or months, because of their duties and commitments, the facts that these witnesses were again subpoenaed on November 22, 1978 and that the State was ready for trial on December 11 in Cause No. 17963–A and again on December 18, 1978, when the cause was tried, present "exceptional circumstances" under section 4(10) of the Speedy Trial Act.

Appellant's first ground of error is overruled.

▪ Appellant next argues that the evidence was insufficient to support his conviction. It seems to be his contention that because Steven Allen Foust admitted on cross-examination that he was "fairly inebriated" the night of his robbery that his testimony of the robbery will not support

the conviction. Foust's testimony as to the beer he had consumed and that he was fairly inebriated goes only to the weight to be given his testimony, not his credibility nor the sufficiency of the evidence. *Herrera v. State*, 462 S.W.2d 597 (Tex.Cr.App. 1971).

He also says that because on direct examination, at one point, Foust, in identifying appellant as the robber, said "I believe so", in answer to the question asking if appellant was in the courtroom on the day of the trial, that his identification of appellant was insufficient. This was simply a figure of speech used at that particular moment by Foust and in no way cast any doubt or question on his identification. He later, on crossexamination by appellant's counsel, very clearly and positively identified appellant, who was in the court room, as one of the men who robbed him at gun point on the night of June 3, 1978. This testimony was more than sufficient to sustain the jury's verdict of guilty. Appellant's second ground of error is overruled.

■ The third ground of error, raised in appellant's second supplemental brief, urges reversal of this conviction because of the admission into evidence of a small Bowie knife found by a police officer in the glove compartment of the car driven on the night of June 3 and 4, 1978 by appellant and Marvin Walton. We will consider this ground only in the interest of justice and fairness to appellant since it was not raised in his original or first supplemental brief. In fact it is raised by counsel only at the request of appellant. The knife was introduced in evidence over the objection of appellant, though it had earlier been described by the officer without objection. It was not used in the robbery of Foust and was therefore not relevant to that offense. It should not have been admitted because it was not relevant. However, we are convinced that its erroneous admission did not so color or affect the jury verdict as to cause a reversal of this case.

■ The general rule is that a judgment will not be reversed for error in the admission of evidence that did not injure the defendant. The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction. *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Cunningham v. State*, 500 S.W.2d 820 (Tex.Cr.App.1973). From a reading of this record as a whole, in the light of the overwhelming evidence of appellant's guilt, we hold that the verdict of the jury was in no way dependent upon or adversely influenced by the erroneous admission of the knife. Appellant's third ground of error is overruled.

The judgment is affirmed.