**Daniel McCARTIN, Appellant,**

**v.**

**STATE of Texas, Appellee.**

**No. 13–83–158–CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 15, 1983.

J. Manuel Banales, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

YOUNG, Justice.

This is an appeal from a conviction of robbery. Punishment was assessed by the jury of imprisonment for fifteen years. We affirm.

In his sole ground of error, appellant complains of the trial court's denial of his motion to dismiss the indictment for the State's failure to comply with the provisions of the Texas Speedy Trial Act. Tex.Code Crim.Proc.Ann. art. 32A.02 (Vernon Supp. 1982–83).[1] The criminal action began on October 21, 1982, when appellant was arrested for a robbery committed on that date.[2] The victim of the robbery was Joel Bourmaud, a French citizen who was in Corpus Christi on vacation. Bourmaud was hospitalized in Corpus Christi for five days and advised the police on November 1, 1982, that he was returning to France. The following events then transpired:

1. On November 5, 1982 (day 15), a Nueces County Grand Jury indicted appellant for the robbery of Joel Bourmaud.

2. On November 10, 1982 (day 20), the State announced ready.[3]

3. On November 15, 1982 (day 25), the trial court notified counsel of record, including the State's attorney, that the appellant's arraignment was set for December 2, 1982. The trial court also set the cause for trial on January 10, 1983. A pre-trial hearing was scheduled for January 6, 1983.

4. On December 2, 1982 (day 42), the appellant was arraigned in open court. Appellant entered a plea of not guilty. The State's attorney announced ready. Trial remained set for January 10, 1983.

5. On December 20, 1982 (day 60), the State's attorney mailed a letter to Bourmaud notifying him of the trial date and inquiring about his presence for the trial.

6. On December 27, 1983 (day 67), Bourmaud received the letter from the State's attorney.

7. December 30, 1982, (day 70) the victim, Bourmaud, sent a letter to the State's attorney saying that he would not be present for trial on January 10, 1983. Bourmaud requested that the trial court reschedule the cause for the week of February 21, 1983.

8. On January 5, 1983 (day 76), the State's attorney, having not heard from the victim, telephoned the victim in France. Bourmaud informed the state's attorney that he was unable to come to the United States at that time. While on the telephone with the victim, the assistant state's attorney contacted the court coordinator and, together, they decided on a February 28, 1983, trial setting.

9. On January 6, 1983 (day 77), the State's attorney announced ready, subject to the presence of Bourmaud and request-

---

1. Under the provisions of this statute, a felony should be brought to trial within 120 days of commencement of the criminal action.

2. The indictment alleges that the robbery occurred on October 21, 1982. The evidence adduced at the pre-trial hearing mistakenly shows the offense occurred on October 22, 1982. At trial, the evidence shows the offense took place on October 21, 1982.

3. The State filed a written announcement of ready.

ed a continuance to February 28, 1983. The trial court granted the State's request and reset trial for February 28, 1983. The trial court, at the appellant's request, made a finding that the State was not ready for trial.

10. On January 11, 1983 (day 82), the State's attorney received the letter from Bourmaud dated December 30, 1982.

11. On February 18, 1983 (day 120), the appellant filed a motion to dismiss the indictment for the State's failure to comply with the provisions of the Speedy Trial Act.

12. On February 24, 1983 (day 126), the trial court held a hearing on appellant's Speedy Trial motion. The motion was denied.

13. Appellant went to trial on February 28, 1983 (day 130), and was found guilty of the offense of robbery.

■ By the provisions of the Speedy Trial Act, until appellant timely and properly invoked the provisions of the Act, the State did not have to make any declaration or announcement that it was ready for trial, or that sufficient periods of time were excludable under the Act. See Smith v. State, 659 S.W.2d 828 (Tex.Cr.App.1983). Fraire v. State, 588 S.W.2d 789 (Tex.Cr.App.1979); Barfield v. State, 586 S.W.2d 538 (Tex.Cr. App.1979).

■ The State did, however, make an announcement of ready within the statutory period. This created a prima facie showing that it was ready. Barfield, supra. The State's announcement of ready was rendered ineffective, however, because the State admitted at the January 6 hearing on its motion for continuance that it had not procured the presence of its key witness. See Stokes v. State, —— S.W.2d —— (Tex. Cr.App. October 19, 1983). But once the appellant urged his motion to dismiss under the act after the expiration of the statutory period, the trial court became obligated to grant the motion unless the State estab-

lished that it was then ready for trial and had been ready for trial at all times since the commencement of the criminal action, *or unless it established that sufficient periods of time were excludable under the Act.* See Smith, supra.

■ In this case, the 120th day after the commencement of the criminal action was February 18, 1983, the date on which appellant filed his motion to dismiss. At the hearing on February 24, 1983, the State did not contend, nor does it contend on appeal, that it was ready for trial by the 120th day. The burden thus shifted back to the State to prove there were excludable periods. *Newton v. State,* 641 S.W.2d 530 (Tex.Cr. App.1982). The gist of the State's argument was that exceptional circumstances prevented its readiness and that it was entitled to a reasonable period of delay resulting from these circumstances. The appellant argued then, and argues now, that the delay was due wholly to the inaction of the State in attempting to acquire the presence of the witness.

The following information was adduced at the February 24th hearing on appellant's motion. The appellant's first witness was Nueces County Assistant State's attorney, Yolanda Gutierrez. She testified that she first became involved in this case in December of 1982, and made an oral announcement of ready on December 2, 1982. She testified that she had not talked to Bourmaud, the key witness, on or before December 2, 1982, and that her first contact with Bourmaud was by telephone on January 5, 1983, but that she had sent him a letter on December 20, 1982. Although she had not personally talked with the witness, she had information from three separate sources that he wanted to testify against the appellant.

■ Gutierrez further testified that a letter dated November 15, 1982, was sent to the State's attorney's notifying the State of the January 10, 1983, trial setting,[4] but that

---

4. A copy of the November 15th letter is not included in the appellate record. Appellant has attached what purports to be the letter of No-

vember 15th to his appellate brief. Material brought to the Court's attention in this manner is not a part of the appellate record and we will

she made no effort to contact the witness until December 20, 1982, and did not make actual contact with the witness until January 5, 1983.

Gutierrez said an employee at the post office had told her that it would take three to five days for a letter to reach France. When no reply had been received by January 5, 1983, she telephoned Bourmaud and found that because of his job he would be unable to travel to the United States for the January 10th trial setting. He asked that the case be set between February 21 and 26, 1983. Gutierrez further testified that when she contacted the court coordinator to obtain a suitable trial setting she did not inform the court coordinator that a Speedy Trial problem might exist in this case.

The court coordinator testified that February 28, 1983, was the first available criminal setting after February 21, 1983. The State called Bourmaud as its sole witness. Bourmaud testified that he could not come to the United States until the week of February 21, 1983, because of his work. On cross-examination, however, Bourmaud said that if he had been notified of the trial setting as early as November 15, 1982, he possibly could have been in the United States on January 10, 1983. With eight weeks notice of the trial setting, Bourmaud could have traveled to the United States.

█ The absence of its key witness prevented the State's readiness for trial within 120 days. See *Barfield, supra.* Since the State was not ready for trial within the statutory time period, the burden was on the State to establish that a period of time should not be counted toward the running of the Speedy Trial Act. *Apple v. State,* 647 S.W.2d 290 (Tex.Cr.App.1983). In pertinent part, art. 32A.02 provides:

Sec. 4. In computing the time by which the state must be ready for trial, the following periods shall be excluded:

(6) a reasonable period of delay resulting from a continuance granted at the request of the state if the continuance is granted:

(A) because of the unavailability of evidence that is material to the state's case, if the state has exercised due diligence to obtain the evidence and there are reasonable grounds to believe the evidence will be available within a reasonable time; or

(B) to allow the state additional time to prepare its case and the additional time is justified because of the exceptional circumstances of the case;

(10) any other reasonable period of delay that is justified by exceptional circumstances.

█ Appellant is entitled to a reversal of his conviction and a dismissal of the indictment if the facts of this case do not warrant excludable periods. We conclude that, under the circumstances of this case, all three exceptions apply, and a reasonable period of delay is excludable.

Sec. 4(6)(A) allows the State additional time where evidence is unavailable and the State has made a diligent effort to obtain that evidence and there are reasonable grounds to believe that the evidence will be available within a reasonable time. Even though the State was aware of the trial setting on November 15, 1982 (day 25), the State was well within the statutory limit when it first attempted to inform the witness of the trial date on December 20, 1983 (day 60). Under the circumstances known to the State at that time, it was not unreasonable for the State to expect that the witness would be available or willing to return to the United States. The prosecutor specifically contacted an employee of the post office to learn how many days it would take for a letter to reach France from Corpus Christi. She was told that it would take from three to five days. She knew that the witness wanted to return to Texas to testify against his attackers. There is no evidence that the State knew or should have expected that the witness would need six to eight weeks notice. When the State learned on January 5, 1983

not consider it. *Young v. State,* 552 S.W.2d 441 (Tex.Cr.App.1977).

(day 76), that the witness would not be able to attend the first trial setting, the State immediately sought to have the trial set for the first available setting which met Bourmaud's schedule.

Since the prosecutor acted to obtain the witness' presence three weeks before the January trial setting and sought a preferential trial setting when the State was actually informed that the witness would not be in the United States on January 10, 1983, the State has presented some evidence that it had used diligence to secure the witness. The State was entitled to a continuance under Sec. 4(6)(A).

Even if Sec. 4(6)(A) were inapplicable, the State would be justified in excluding a reasonable period under Sec. 4(6)(B). Unlike (6)(A), (6)(B) does not require the State to make a diligent effort to obtain its witness. Sec. 4(6)(B) necessitates only a showing of exceptional circumstances. It has already been held that a delay attributed to witnesses who are out of the country is the result of an exceptional circumstance. *Karpeal v. State*, 628 S.W.2d 520 (Tex.App.—Fort Worth 1982, pet. ref'd). In this case, the State was at the mercy of the witness. Nothing in the Code of Criminal Procedure allows the State to compel the presence of a foreign national. See generally Chapter 24, Tex.Code Crim.Pro.Ann. (Vernon 1966). Joel Bourmaud informed the State on January 5, 1983 (day 76), that he would not be able to come to the United States until the last week of February, which was after the expiration of the 120 day period. The State was, thus, entitled to exclude a reasonable number of days for this exceptional circumstance. The appellant's trial began on the 130th day. The trial court's granting of the State's motion for continuance did not unreasonably delay the appellant's trial.

Sec. 4(10) also allows that reasonable periods of delay resulting from exceptional circumstances should be excluded in computing the time in which the State must be ready for trial. This section does not require a showing of the State's due diligence. The appellant's sole ground of error is overruled and the judgment of the trial court is AFFIRMED.