**Nathan Paul ELLCEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–84–00170–CR.**

Court of Appeals of Texas, Dallas.

June 14, 1985.

S. Michael McColloch, Dallas, for appellant.

Celia V. Barr, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, SPARLING and DEVANY, JJ.

## ON MOTION FOR REHEARING

AKIN, Justice.

Our former opinion is withdrawn and the following is now our opinion. The question is whether the criminal action was "commenced" within the Speedy Trial Act, TEX. CODE CRIM.PROC.ANN. art. 32A.02 § 2(a), when appellant was arrested, interrogated briefly and then released. We hold that it was not then "commenced," and thus affirm the convictions.

On April 27, 1983, Nathan Paul Ellcey was arrested for selling narcotics. Although he was held for approximately two hours, he was not required to "make bond" before being released. Appellant was arrested again for another offense on July 7, 1983, and released on bond. On September 23, 1983, appellant was indicted for the offense of unlawful delivery of methaqualone, a controlled substance. This indictment pertained to his April 27, 1983, arrest. A hearing was held on November 4, 1983, pursuant to appellant's motion to set aside the September 23, 1983, indictment for failure to comply with the Speedy Trial Act, TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1966–1985). At the conclusion of the hearing, the trial court overruled appellant's motion.

Appellant argues that the trial court erred in overruling his motion to dismiss the indictment because the State was not ready for trial until the indictment was filed on September 23, 149 days after his arrest on April 27. In this respect, appellant contends that this action commenced on April 27, the date on which he was "detained in custody." We do not agree that this action was commenced, for purposes of the Speedy Trial Act, on April 27.

TEX.CODE CRIM.PROC.ANN. art. 32A.02 § 2(a) (Vernon Supp.1966–1985) provides that a criminal action commences

when an indictment, information, or complaint against the defendant is filed in court, unless prior to the filing the defendant is either *detained in custody* or released on bail or personal bond *to answer for the same offense or any other offense arising out of the same transaction*, in which event the criminal action commences when he is arrested. [emphasis added]

The question presented is whether appellant's arrest and two-hour detention on April 27 was sufficient to start the time running on the criminal action. We hold that this detention did not commence the running of the time under the Speedy Trial Act because he was not charged with the offense for which he was subsequently indicted. Under the language of this statute an arrest does not trigger the Speedy Trial Act unless the defendant has been charged with a violation of the penal code and is arrested to answer for that charge. *Lyles v. State*, 653 S.W.2d 775 (Tex.Crim.App. 1983); *Hinojosa v. State*, 685 S.W.2d 374 (Tex.App.—San Antonio 1984, no pet.); *Lozano v. State*, 680 S.W.2d 903 (Tex.App.— Houston [1st Dist.] 1984, no pet.). The judgment of the trial court is affirmed.