**Andres MEJIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–85–315–CR.**

Court of Appeals of Texas, Austin.

June 17, 1987.

Rehearing Denied Aug. 12, 1987.

Terry Stork, Austin, for appellant.

Ronald Earle, Dist. Atty., Kent C. Anschutz, Asst. Dist. Atty., Austin, for appellee.

Before SMITH,[1] GAMMAGE and CARROLL.

EARL W. SMITH, Justice (Retired).

Appellant was convicted by a jury of the third degree felony offense of involuntary manslaughter. Tex.Pen.Code Ann. § 19.-05(a)(2) (1974). Punishment was assessed by the court at confinement in the Department of Corrections for ten years, probated.

Appellant's sole point of error is that the trial court erred in overruling his motion to set aside the indictment under the provisions of the Speedy Trial Act. Tex.Code Cr.P. Ann. art. 32A.02 (Supp.1987) (herein referred to as the Act). We affirm the judgment of conviction.

The portions of the Act pertinent to our decision read:

Sec. 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony.

. . . . .

Sec. 2 ... [A] criminal action commences for purposes of this article when an indictment, information or complaint is filed in court, unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the *same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested.*

. . . . .

1. Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See*

Tex. Gov't Code § 73.012 (Supp.1987).

Sec. 4. In computing the time by which the state must be ready for trial, the following periods shall be excluded:

. . . . .

(7) if the charge is dismissed upon the motion of the state ... and the defendant is later charged with the same offense or another *offense* arising out of the same transaction, the period of delay from the date of dismissal ... to the date the time limitation would commence running on the subsequent charge had there been no previous charge.

. . . . .

(10) any other reasonable delay that is justified by exceptional circumstances.

(Emphasis added).

## FACTUAL DISCUSSION

On July 27, 1984, appellant was involved in a collision wherein, while he was intoxicated and driving on the wrong side of the road, his vehicle struck two motorcyclists, one of whom received severe injuries which resulted in his death some two months later. Though appellant was arrested at the scene of the collision and was taken to the police station, he was released two days later. No charges were filed, and no bond was required. Here follows pertinent dates and events:

1. July 27, 1984: Date of collision and arrest of appellant. Victim was hospitalized from this date to his death.

2. July 29, 1984: Appellant released from custody—no charges filed.

3. August 14, 1984: Appellant was charged by complaint and information with the misdemeanor offense of driving while intoxicated causing serious bodily injuries. Tex.Rev. Civ.Stat. art. 6701*l*–1(F) (Supp. 1987).

4. August 15, 1984: Appellant was arrested on the misdemeanor charge, posted bond and was released.

5. September 22, 1984: The victim died.

6. September 25, 1984: Misdemeanor driving while intoxicated charges were dismissed by State's attorney; felony complaint was filed charging appellant with involuntary manslaughter. Tex.Pen.Code Ann. § 19.05(a)(2) (1974); warrants of arrest issued.

7. September 26, 1984: Appellant was arrested on the felony charge, posted bond and was released.

8. January 21, 1985: Appellant was indicted in cause no. 76870 for the felony offense of involuntary manslaughter.

9. January 21, 1985: As shown by record, State filed announcement of ready. Indictment bears cause number of felony complaint in Municipal Court, Austin (134887), as well as District Court cause number (76870), and bears District Court file mark dated January 21, 1985.

10. January 21, 1985: Order by District Judge entered setting cause for hearing on January 31, 1985 "for purpose of designation of attorney and trial setting."

11. February 12, 1985: State files another announcement of ready in District Court, cause no. 76870.

A pre-trial hearing on appellant's motion to dismiss was held on May 29, 1985. At the hearing, the district attorney stated: "the State would not rely merely on State's written announcement of ready, but would announce to the court that the State is ready for trial at this time and that the State has been ready at all times since return of their indictment January the 21st, 1985." The defense attorney stated, "Your honor, I would like the record also to reflect that the announcement of ready filed on January 21, 1985 has two cause numbers on it and was not filed in this Court." The trial judge marked the January 21, 1985 announcement of ready as State's Exhibit 1. Defense counsel then offered the testimony of appellant and officers Chipman and Lysek, which only confirmed the above relevant dates. We note that no attempt was made by appellant to rebut

the State's announcement of ready. He argued:

> Your honor, the only other thing we have is we would ask the Court to take knowledge of its own records, that the indictment in this cause was not returned until January 21, 1985, which is well after 120 days from the time of arrest and there is no question that he was arrested out of an incident—or an offense that arose out of the same incident in this case.

No decision was made by the Judge on appellant's motion to dismiss. Defense counsel suggested that "it would be a good idea to submit briefs ... because I think the State will agree with me that as far as I can find, that I think, from talking to the State's attorney, they can find no law on this thing up to this point. It is completely a new issue in Texas. Do you agree with that?" The State's attorney replied: "Well, I think there are,—Judge, I think there are some cases from which you can draw some inferences in terms of exceptional circumstances. There is also the Lyles case which would seem to indicate does not trigger speedy trial where the defendant was—initially appeared in time."

The court then stated: "Well, let me just put if off for a couple of weeks, so I can do some research. And if anyone wants to send me a case or letter or brief, whatever. If you want to, that's fine. If you don't that's fine also." There is nothing in the record to show that the court ruled on the motion or that defense counsel ever pursued the matter further. The judgment of the court recites that on October 15, 1985, "both parties announced ready for trial." Appellant was convicted by the jury and went to the court on punishment. When asked "Is there any legal reason not to proceed to sentencing at this time?", the defense counsel answered "No, your honor."

In his brief before this Court, appellant argues:

1. Defendant's arrest on July 27, 1984, was the commencement of "The Criminal Action" and that 187 days elapsed until an indictment was returned on January 21, 1985.

2. Alternatively, on August 14, 1984, charges of driving while intoxicated with serious bodily injury were filed—a charge growing out of the some transaction for which appellant was convicted and that 169 days elapsed from August 15, 1984 until return of the indictment.

He quotes from *Santibanez v. State*, 717 S.W.2d 326, 329 (Tex.Cr.App.1986):

> The act and this Court's decisions make it clear that if the statutory period of time, here, 120 days, have expired, and the accused involves the act, then the State must demonstrate both that it was then ready for trial and had in fact been ready for trial at all times within the statutory time period, or else the State must demonstrate or establish that sufficient periods of time are excludable under the act, in order to bring its announcement of readiness within the statutory period of time.

Appellant cites *Pate v. State*, 592 S.W.2d 620 (Tex.Cr.App.1980) for the proposition that the State cannot be ready for trial in the absence of a charging instrument. We concur. But we cannot agree that the offense of involuntary manslaughter arose out of the driving while intoxicated incident. Indeed, it could not. Appellant could not be charged with the offense of involuntary manslaughter until after the victim died on September 22, 1984. Then and then only did the offense arise. Tex. Pen. Code Ann. § 19.05 defines involuntary manslaughter:

> (a) A person commits an offense if he:
>
> .    .    .    .    .
>
> (2) by accident or mistake when operating a motor vehicle while intoxicated and, by reason of such intoxication, causes the death of an individual.

Thus, by definition, the death of an individual is an essential element of the offense of involuntary manslaughter. *See also* Tex. Pen.Code Ann. § 1.07(13)(C) (1974).

Appellant was charged by felony complaint with such offense on September 25, 1984, and was arrested the following day. Clearly, the criminal action commenced and arose for the first time on September 25,

1984. *Ellcey v. State,* 694 S.W.2d 201 (Tex.App.1985, pet ref'd). Appellant was indicted on January 21, 1985, 118 days after the felony complaint was filed.

■ The Speedy Trial Act cannot begin to run on an offense that has not yet ripened into an offense. In *Graves v. State,* 539 S.W.2d 890, 891 (Tex.Cr.App. 1976), the appellant was convicted of involuntary manslaughter. His sole contention on appeal was that such conviction was barred by a prior conviction of driving while intoxicated, arising out of the same transaction. The record showed the prior DWI conviction was proved by the same facts and evidence which constituted proof of operation of the motor vehicle while intoxicated in the involuntary manslaughter case. The Court of Criminal Appeals held:

> "Nonetheless, the conviction for involuntary manslaughter is not barred by the prior conviction for driving while intoxicated."

*Graves, supra* at 891.

The *Graves'* Court cited, with approval, *Curtis v. State,* 22 Tex.App. 227, 3 S.W. 86 (1886). There, the defendant was convicted of aggravated assault under an indictment charging assault with intent to murder. Subsequently, the victim died and defendant was convicted of murder. It was held that the indictment for assault with intent to murder did not bar a subsequent murder conviction based upon the same transaction because at the time of the assault conviction, the injured party was alive, thus there was no offense of murder. The State could not, at that time, have elected to proceed on the more serious crime. The subsequent death of the injured party "is not merely a supervening aggravation, but it creates a new crime." *Curtis supra 3 S.W.* at 88. *See also Luedke v. State,* 711 S.W.2d 657 (Tex.Cr.App.1986).

Appellant relies on *Kalish v. State,* 662 S.W.2d 595 (Tex.Cr.App.1983), wherein the defendant was charged with possession of cocaine and public intoxication, both arising out of the *same transaction* and were completed offenses at the time of the arrest of the defendant. The court, in holding that dismissal of the public intoxication charge on speedy trial grounds precluded prosecution of possession of cocaine, said that when a person is detained, placed under restraint or taken into custody by a police officer, all *chargeable* voluntary conduct in which the person was then and there engaged, constitutes an *offense* continuing in nature, arising out of the same transaction. *Kalish* is to be distinguished from the instant case. Here, there was not a completed or chargeable offense of involuntary manslaughter at the time appellant was charged with driving while intoxicated. "There can never be a crime of murder till the party assaulted dies." *Curtis, supra* 3 S.W. at 87.

■ We hold that appellant was indicted on January 21, 1985, for an offense that *first arose* on September 22, 1984, with the death of the victim. We also hold that the Speedy Trial Act became applicable on September 25, when the felony complaint was filed for involuntary manslaughter. The right to a speedy trial did not arise until after prosecution for the felony was instituted against the appellant on September 25. He was indicted 118 days later. The Act does not make it mandatory that a cause be tried within the allowed period of time. The Act's provisions only become *activated* when a defendant presents a motion to set aside a charging indictment for failure to comply with the provisions of the Act. *Ostoja v. State,* 631 S.W.2d 165, 167 (Tex.Cr.App.1982). There is no requirement that the State actually attempt to set a case for trial within the 120–day period. *Phillips v. State* 659 S.W.2d 415, 419 (Tex. Cr.App.1983); *Karpeal v. State,* 628 S.W.2d 520, 523 (Tex.App.1982, pet. ref'd). Until the defendant timely and properly involves the provisions of the Act by filing a motion to dismiss, the State does not have to make any declaration that it is ready for trial, or that it has been ready in the past, or that any specific period of time should be excluded under the Act. *Smith v. State,* 659 S.W.2d 828, 830 (Tex.Cr.App. 1983); *McCartin v. State,* 662 S.W.2d 794, 796 (Tex.App.1983, pet. ref'd); *Pena v.*

*State,* 662 S.W.2d 430, 433 (Tex.App.1983, no pet.).

 Before and after the defendant filed his motion to dismiss in this case, the State declared its readiness for trial; after defendant filed his motion, the State stated it was ready then and at all times required by the Act. This was a *prima facie* showing of conformity with the Speedy Trial Act. It was thus incumbent on appellant to rebut the presumption by showing that the State was not ready for trial during the Act's applicable time period. This the appellant failed to do. No error is shown. *Barfield v. State,* 586 S.W.2d 538, 542 (Tex.Cr.App.1979); *Fraire v. State,* 588 S.W.2d 789, 791 (Tex.Cr.App.1979). *See also Crawford v. State,* 703 S.W.2d 655 (Tex.Cr.App.1986); *Flannery v. State,* 676 S.W.2d 369 (Tex.Cr.App.1984); and *Lopez v. State* 628 S.W.2d 82 (Tex.Cr.App.1982).

Even if the State had not complied with the Speedy Trial Act, there is authority suggesting appellant's failure to obtain *an adverse ruling* on his motion to dismiss the indictment operated as a waiver of the provisions of the Act. *Little v. State,* 699 S.W.2d 316, 317 (Tex.App.1985, no pet.); *Ford v. State,* 668 S.W.2d 477, 478 (Tex. App.1984, no pet.); *Barros v. State,* 661 S.W.2d 337, 341 (Tex.App.1983, no pet.); *Leal v. State,* 626 S.W.2d 866, 867 (Tex. App.1981, no pet.). Although these cases held the failure to obtain a ruling on a motion to dismiss waives any error, none of the above cases were the subject of a petition for discretionary review. As a result, the issue has not been directly ruled on by the Court of Criminal Appeals. That Court has, however, held that one must obtain an adverse ruling in order to preserve error in other contexts. *See Stevens v. State,* 671 S.W.2d 517, 521 (Tex.Cr.App.1984) (failure to obtain a ruling on an objection to leading waived error); *Bryant v. State,* 570 S.W.2d 921, 926 (Tex.Cr.App.1978) (no error where the court never ruled on objection to unresponsive answer); *Martinez v. State,* 565 S.W.2d 70, 71 (Tex.Cr.App.1978) (failure to call attention to motion to quash waived error); *Collection Consultants, Inc. v. State,* 556 S.W.2d 787, 794 (Tex.Cr.App.

1977) (although argued to the court, nothing was preserved without a ruling on a motion for mistrial). In our view, appellant's failure to obtain an adverse ruling on the motion to dismiss waived any error.

The judgment of the trial court is affirmed.