Torrence Taber CHEATHAM *v.* STATE of Arkansas

CA CR 98-174 · 974 S.W.2d 490

Court of Appeals of Arkansas
Division IV
Opinion delivered September 23, 1998

*John W. Walker, P.A.*, by: *Austin Porter, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly K. Hill*, Deputy Att'y Gen., for appellee.

MARGARET MEADS, Judge. Appellant was tried by a jury and convicted of the crime of manslaughter. He was sentenced to serve ten years in the Arkansas Department of Correction. On appeal, he argues that his trial fell outside the speedy-trial limitations and that the charges against him should have been dismissed.

On April 11, 1996, appellant was arrested on the charge of first-degree battery of a one-year-old infant, who was hospitalized in critical condition. The infant died on April 12 while appellant was incarcerated. Appellant was released on $10,000 bond on April 15.

On May 17, 1996, appellant was charged with second-degree murder for the death of the infant; on May 21 he was arrested on that charge and allowed to remain free on the previous bond, and the initial charge of battery was nol prossed. On January 29, 1997, the State filed the charge of first-degree murder against appellant. On February 19, appellant pleaded "not guilty," and trial was set for May 14, 1997.

Appellant filed a motion to dismiss on April 28, 1997, alleging that for speedy-trial purposes he should have been tried no later than April 11, 1997, which was one year after the date of his initial arrest for first-degree battery. The trial court denied appellant's motion, finding that for purposes of speedy trial the time began to run on May 21, 1996, when appellant was arrested for the death of the infant. The court reasoned that on April 11, 1996, all the elements of the crime of murder had not been consummated because the victim had not yet died. Appellant was tried by a jury on July 29, 1997, for first-degree murder and convicted of the lesser charge of manslaughter.

Appellant argues on appeal that the trial court erred in finding that his trial did not fall outside the speedy-trial limitations. According to appellant, the sole issue for decision is whether the time for speedy trial commenced on April 11, 1996, when he was

arrested for first-degree battery, or on May 21, 1996, when he was arrested for second-degree murder.

Arkansas Rule of Criminal Procedure 28.2 provides:

> The time for trial shall commence running, without demand by the defendant, from the following dates:
>
> (a) from the date the charge is filed, except that if prior to that time the defendant has been continuously held in custody or on bail or lawfully at liberty to answer for the same offense or an offense based on the same conduct or arising from the same criminal episode, then the time for trial shall commence running from the date of arrest . . . .

Appellant says that he had been "'lawfully at liberty' since April 15, 1996, to answer for an offense 'based on the same conduct' and for an offense 'arising from the same criminal episode.'" Therefore, he argues, the time for trial commenced to run on April 11, when he was arrested for battery. We do not agree.

In *Tackett v. State*, 294 Ark. 609, 745 S.W.2d 625 (1988), appellant Tackett caused a crash of the vehicle driven by Lesa Diffee, who was injured but later recovered. Denise Barrentine, who was also injured, went into a coma, and Nancy House was killed instantly. On March 30, 1983, appellant was charged with manslaughter in the death of Ms. House. He was later tried on that charge, convicted, and sentenced to serve eight years in the Arkansas Department of Correction; his conviction was affirmed on appeal. *Tackett v. State*, 12 Ark. App. 57, 670 S.W.2d 824 (1984). On March 2, 1987, Ms. Barrentine died, and on April 29, 1987, appellant was charged with manslaughter in her death. Appellant argued that he had been denied a speedy trial because he was arrested in 1983 on a charge "arising out of the same conduct which actually dealt with injury to Ms. Barrentine." Our supreme court rejected this argument, citing *State v. Anderson*, 616 P.2d 612 (Wash. 1980), *cert. denied*, 459 U.S. 842 (1982), and held that the speedy-trial rules cannot go into effect until all of the elements of the crime have been completed.

In *Anderson*, the appellant was arrested on June 25, 1977, and charged with second-degree assault in regard to some injuries to

his stepdaughter. He was booked into jail and arraigned on June 27. The child died on August 6, 1977. On August 8, Anderson was charged with first-degree murder and manslaughter in the first degree, and was served with process while still incarcerated on the charge of second-degree assault. Meanwhile, the State was granted a voluntary dismissal of the second-degree assault charge. Anderson was tried on October 11, 1977, and convicted of first-degree murder. On appeal, he argued that because the first-degree murder charge was a crime based on the same conduct or arising from the same criminal episode as the second-degree assault, the time for speedy-trial commenced to run on June 27, 1977, when he was arraigned on the assault charge.[1] Anderson relied on the *ABA Standards Relating to Speedy Trial* § 2.2 (Approved Draft, 1968), which provide:

> When time commences to run:
>
> The time for trial should commence running, without demand by the defendant as follows:
>
> (a) from the date the charge is filed, except that if the defendant has been continuously held in custody or on bail or recognizance until that date to answer *for the same crime or a crime based on the same conduct or arising from the same criminal episode*, then the time for trial should commence running from the date he was held to answer . . . .

616 P.2d at 615–16 (emphasis in original).

The Supreme Court of Washington stated Anderson "misapprehends" the standards, and the standards do not contemplate that the speedy-trial time would be counted prior to the final act which made the crime complete. The court held that the speedy-trial standards cannot go into effect until all the elements of the crime have been completed.

---

[1] CrR3.3 of the Washington rules provided at that time that a criminal charge should be brought to trial within ninety days following the preliminary appearance. *State v. Striker*, 557 P.2d 847 (1976).

Rule 722(d) of the *Uniform Rules of Criminal Procedure*, 10 U.L.A. 154 (1992 Special Pamphlet) is based upon Standard 2.2. That rule provides:

> (d) *When time begins to run.* The time for trial begins to run, without demand by the defendant, on the date an information charging the crime or, if the crime was then chargeable, charging a crime arising from the same conduct or same criminal episode, is filed under Rule 231(f) [or, if the prosecution is initiated by indictment, on the date an indictment charging the crime is returned], unless:

> (1) the information [or indictment] was dismissed on motion of the defendant . . . or

> (2) the defendant is to be retried . . . .

The Comment to the rule notes that the words "if the crime was then chargeable" are added to prevent situations such as a murder trial's time running from the filing of an assault information long before the victim died.

Other states have decided in conformity with this rule. In *State ex rel. Lee v. Rose*, 277 So. 2d 66 (Fla. Dist. Ct. App. 1973), Oscar Lee was involved in an automobile accident in which a pedestrian was injured. He was arrested on the charge of driving while intoxicated on June 22, 1972, and was admitted to bail and released that same day. On July 19, the pedestrian died, and on August 21, Lee was charged with manslaughter. On October 11, Lee voluntarily appeared at jail and was released on bond. On December 29, Lee filed a motion for discharge which the trial judge denied, finding that the time for speedy trial began July 19, 1972, the date the victim died. On appeal, Lee contended that June 22, 1972, the date of his original arrest, was the date that triggered the speedy-trial time.

The Florida speedy-trial rule stated:

> The time periods established by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged. . . .

277 So.2d at 67. The Florida District Court of Appeal considered the question of when the 180-day time period began to run and held that the time began to run not on the date the victim died, as held by the trial judge, but on October 11, the date Lee voluntarily surrendered for the crime of manslaughter. The court stated that on June 22 the conduct or criminal episode gave rise only to the misdemeanor offense, and that until the pedestrian died, the conduct or criminal episode did not give rise to the charge of manslaughter. Therefore, it was not possible to charge Lee with manslaughter unless and until death occurred. *See*, *State ex rel. Branch v. Wade*, 357 So. 2d 473 (Fla. Dist. Ct. App. 1978) (once the time period begins to run, it runs as to charges arising from the alleged criminal conduct which could be brought against the accused at that time).

In *Mejia v. State*, 734 S.W.2d 98 (Tex. Ct. App. 1987), the appellant argued that the trial court erred in overruling his motion to set aside the indictment under the provisions of the Texas speedy-trial act. That act provides:

> Sec. 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:
>
> (1) 120 days of the commencement of a criminal action if the defendant is accused of a felony.
>
> . . . . .
>
> Sec. 2 . . . [A] criminal action commences for purposes of this article when an indictment, information or complaint is filed in court, unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the *same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested.*

734 S.W.2d at 99 (emphasis in original).

Appellant Mejia was arrested on July 27, 1984, after an automobile collision resulted in the hospitalization of the victim. Appellant was released on July 29 without charges being filed. On August 14, 1984, he was charged with misdemeanor driving while intoxicated. On August 15, he was arrested and released on bond.

On September 22, the victim died. On September 25, the driving while intoxicated charge was dismissed, and a felony complaint was filed charging Mejia with involuntary manslaughter. He was arrested September 26 on the felony, posted bond, and was released. He was subsequently convicted by a jury. On appeal, he argued that his arrest on July 27, 1984, was the commencement of the criminal action. The Texas Court of Appeals considered when the 120-day time period began to run and held that the offense of involuntary manslaughter did not arise out of the driving while intoxicated incident, because appellant could not have been charged with the offense of involuntary manslaughter until after the victim died on September 22, 1984. "Then and only then did the offense arise." 734 S.W.2d at 101. The court pointed out "[t]he Speedy Trial Act cannot begin to run on an offense that has not yet ripened into an offense." 734 S.W.2d at 102.

 Under the authority cited above, we hold that the speedy-trial rules do not commence running until all the elements of the charged offense have been completed. Because the victim in this case had not died on April 11, the date of appellant's arrest for first-degree battery, all the elements of murder had not been completed, and the speedy-trial rules could not run from that date. We are not unmindful of the cases cited by appellant in his brief. However, those cases involve situations where the elements of the second charge were complete at the time of the original arrest.

Appellant also has argued on appeal that even if the speedy-trial time commenced on May 21, 1996, his trial on July 29, 1997, fell outside the one-year speedy-trial limitation. Ark. R. Crim. P. 28.1(b) (1998). Appellant acknowledges that the delays occasioned by his request and the State's request for a continuance should be excluded, but says that even considering these exclusions, trial was held on the 366th day. He contends on appeal that July 28, the 365th day, was the last day on which he could be tried. We disagree.

Appellant's trial took place on July 29, 1997, which was 434 calendar days after his arrest on May 21, 1996 for murder. From our review of the record, the following excludable periods of delay are allowed under Ark. R. Crim. P. 28.3 and can be used by the State in calculating appellant's speedy-trial time:

| | |
|---|---|
| May 12, 1997 until July 22, 1997 (Cheatham's writ of prohibition) | 71 days |
| July 22, 1997 until July 29, 1997 (State's continuance for expert witness) | 7 days |
| | 78 excludable days |

■ Trial was originally set for May 14,1997. However, on May 12, the Court heard and denied appellant's motion to dismiss, which was based on an alleged speedy-trial violation. At the conclusion of that hearing, defense counsel announced his intent to file a writ of prohibition seeking to prohibit trial, again based on the alleged speedy-trial violation. The writ was filed May 13 and was subsequently denied by the supreme court. Due to the writ, trial was continued at appellant's request to July 22. The seventy-one-day period from May 12 until July 22 is excludable as a period of delay resulting from a continuance granted at the request of appellant or his counsel. *See* Ark. R. Crim. P. 28.39(c); *Rhodes v. Capehart*, 313 Ark. 16, 852 S.W.2d 118 (1993).

■ Additionally, when trial was continued from May 14 to July 22, an expert witness for the State who would have been available May 14 was not available July 22. The State's request for a continuance on this basis was not opposed by appellant, and the court continued the case to July 29. This seven-day period from July 22 until July 29 is excludable pursuant to Ark. R. Crim. P. 28.3(d)(1).

■ Thus, we find that appellant's trial was held on the 356th day and was not violative of our speedy-trial limitations.

Affirmed.

JENNINGS and BIRD, JJ., agree.