**Rodolfo LEAL and Carlos Cavazos, Appellants,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–056–CR (2043–CR).**

Court of Appeals of Texas, Corpus Christi.

Dec. 30, 1981.

Homero M. Lopez, A. C. Nelson, Nelson, Williamson & Yanez, Brownsville, for appellants.

Reynaldo Cantu, Jr., Crim. Dist. Atty., Brownsville, for appellee.

Before BISSETT, YOUNG, and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from murder convictions. Both defendants were tried jointly before a jury. They were each sentenced to thirteen years' imprisonment. We reverse and remand.

In view of our action in this appeal, it is not necessary that we consider the defendants' first point of error, wherein it is claimed that the trial court erred in admitting photographs of the deceased which were taken after an autopsy was performed.

Before this case went to trial, the defendants filed a motion to dismiss the indictment on the ground the time period provided in the Speedy Trial Act had lapsed. See Tex.Code Crim.Proc.Ann. art. 32A.02 (Vernon Supp. 1980–1981). Although the motion to dismiss the indictment was filed before commencement of the trial, there is nothing in the record which indicates that the defendants ever called the court's attention to it. On the day the trial commenced, the defendants announced ready. They did not urge their motion to dismiss. The State contends that the defendants waived the provisions of the Speedy Trial Act. We agree.

The provisions of the Speedy Trial Act are waived if the defendant fails to move for discharge under the provisions of the Act prior to trial. Tex.Code Crim.Proc. Ann. art. 32A.02, § 3 (Vernon Supp. 1980–1981). Although the defendants filed a motion raising the Speedy Trial Act, they failed to pursue the motion to an adverse ruling. This, plus their announcement of ready on the first day of the trial, operated as a waiver of the provisions of the Speedy Trial Act. See *Martinez v. State*, 565 S.W.2d 70, 71 (Tex.Cr.App.1978). The defendants' second ground of error, which complains of the trial court's failure to dismiss the indictment, is overruled.

We are compelled to consider an unassigned error. The indictment charged the defendants with murder in the following language:

"... RODOLFO LEAL
CARLOS CAVAZOS
on or about the 15th day of January A. D. One Thousand Nine Hundred and Seventy-nine and anterior to the presentment of this indictment, in the County of Cameron and State of Texas, did then and there unlawfully, intentionally and knowingly cause the death of JOSE AMAYA, by shooting him with a gun, ..."

The court's charge instructed the jury as follows:

"Now if you find and believe from the evidence beyond a reasonable doubt that on or about the 15th day of January,

1979, in Cameron County, Texas, the Defendants, Rodolfo Leal & Carlos Cavazos, did intentionally or knowingly cause the death of Jose Amaya by shooting him with a gun or *did then and there intend to cause serious bodily injury to the said Jose Amaya and with said intent to cause such injury did commit an act clearly dangerous to human life,* to wit, shooting him with a gun, as alleged in the indictment, then you will find the Defendants guilty of Murder.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt as to whether Defendants are guilty of Murder, then you will acquit them of Murder." [Emphasis added].

The jury was authorized to convict the defendants on a theory not alleged in the indictment. Thus, there is a fatal variance between the indictment and the charge. Such is fundamental error requiring reversal. *Colbert v. State*, 615 S.W.2d 754, 755 (Tex.Crim.App.1981); *Infante v. State*, 612 S.W.2d 603, 604 (Tex.Crim.App.1981). The judgment of the trial court is therefore reversed and the cause is remanded for a new trial.

REVERSED and REMANDED.