Ralph W. **JUMPER**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–81–159–CR.

Court of Appeals of Texas, Fort Worth.

June 9, 1982.

Rehearing Denied July 14, 1982.

Brantley Pringle, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, HOLMAN and RICHARD L. BROWN, JJ.

OPINION

HOLMAN, Justice.

This appeal is from conviction of commercial obscenity. V.T.C.A., Penal Code sec. 43.23.

Upon the jury's verdict of guilty, the jury assessed punishment at 180 days' confinement and $1,000.00 fine.

We affirm.

On May 1, 1978, undercover Fort Worth police officer Thomas W. Richardson and undercover officer Dodd went to the Triangle News Stand on E. Lancaster in Fort Worth.

They posed as college students from a local university, and asked an employee of the newsstand, Michael Maddox, if he could sell them some "party" films.

The officers returned on the 3rd of May and met Maddox again. He went into a small room at the rear of the store, shuffled some items around, and emerged with six films which he sold to the officers at a price of $280.00.

Appellant owns the newsstand, and as the sale was being consummated, he came in, leaned over the counter toward Maddox, and asked him in a whisper, "Who are these guys?". Maddox responded, "They are from [the local university] and they have come for the films." Appellant left shortly thereafter, and the money and film then exchanged hands.

Appellant was arrested for commercial obscenity on May 16, 1978, and the newsstand and office were searched pursuant to a warrant.

Several pornographic films were found under a false step in a room at the rear of the newsstand, and one film was found in appellant's private desk.

Appellant complains (1) the prosecution should have been dismissed because of a violation of the Speedy Trial Act; (2) the trial court improperly restricted appellant's questioning during the voir dire examination of the jury panel; (3) hearsay testimony was allowed into the case; (4) the trial court improperly failed to charge the jury on the defense of entrapment; and (5) the trial court, during the defense's opening statement, commented on the weight of not-yet-offered defensive testimony.

Appellant was arrested on May 16, 1978, for commercial obscenity. The State was required by law to be ready for trial within 60 days of appellant's arrest. V.A.C.C.P. art. 32A.02, sec. 1(3) and sec. 2.

The original information in the cause was filed on May 18, 1978, bearing the original cause number of 0129483. It charged that appellant possessed for sale an obscene *magazine* entitled "Stallion Sex # 163".

On July 12, 1978, the day the case was initially set for trial, appellant requested a continuance.

The case was subsequently set for trial on August 21, 1978; and on September 21, 1978, the State filed a second information, bearing the cause number of 0133702. It charged that appellant possessed for sale an obscene *movie* entitled "Stallion Sex # 163".

The State announced ready in cause number 0129483 on July 12, 1978, and on August 21, 1978, when the case was set for trial. Additionally, the State announced ready in the instant prosecution, cause number 0133702, on October 25, 1978.

Appellant argues that although the State announced ready for trial on August 21, 1978, it could not have been ready for trial in cause number 0129483, as a matter of law, because of the potential variance between the complaint and the evidence.

This "defect" stems from the fact that the first information charged that the "Stallion Sex" material was a *magazine* when it was, as it correctly charged in the second information, a *movie*.

There was nothing about the first information that rendered it void or otherwise subject to a motion to quash or dismiss.

Article 32A.02, the Speedy Trial Act, became effective July 1, 1978.

It was decided in *Wade v. State*, 572 S.W.2d 533 (Tex.Cr.App.1978), that for causes pending on the effective date of the Act, the Speedy Trial time periods began to run on July 1, 1978.

An announcement of ready is a prima facie showing of conformity to the Speedy Trial Act. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979).

In order to entitle himself to relief under the Act, a defendant must rebut with satisfactory evidence the State's prima facie showing of compliance. *Barfield, supra.*

Appellant presented no evidence to show that the State was not ready on July 12, 1978, August 21, 1978, or October 25, 1978, or did not announce readiness in good faith.

While it may be true that this "defect" or potential variance in the first information might have precluded a conviction in the

first prosecution, the presence of such a problem in the State's pleadings does not mean that the State was not ready for trial.

The State's attorney testified that he had announced ready on both July 12 and August 21. His witnesses were either in the courthouse or on call on both occasions.

The information in cause number 0133702, on which conviction is based, was filed on September 21, 1978. The case was called for trial on October 25, 1978, and the trial proceeded on the State's announcement of ready. The speedy trial motion initially presented to the court was heard and overruled on the same date.

In tabular form, the critical dates are as follows:

| | |
|---|---|
| May 18, 1978 | 0129483 filed |
| July 1, 1978 (12 days) | Speedy Trial Act effective |
| July 12, 1978 (40 days, excludable) | 0129483 first called for trial; Defendant's First Application for Continuance filed and case therefore reset for August 21, 1978 |
| August 21, 1978 (31 days) | 0129483 called (and passed to next day, and not tried, for unexplained reasons) |
| September 21, 1978 | 0133702 filed |
| October 25, 1978 | 0133702 tried to a jury |

■ Appellant filed and was granted a motion for continuance on July 12. Periods of continuance due to request by the accused are excluded from computations of speedy trial times. Art. 32A.02, sec. 4(3); *Durrough v. State*, 620 S.W.2d 134 (Tex.Cr. App.1981).

■ Overriding all of the computations of time, however, is the fact that appellant did not move for dismissal, on grounds of lack of speedy trial, until the trial had begun.

Appellant's motion was not presented to the court until after the jury had been selected, impaneled and sworn.

We hold that the appellant thus waived the rights of the Speedy Trial Act. V.A.C. C.P. art. 32A.02, sec. 3; *Finch v. State*, 629 S.W.2d 876 (Tex.App.—Fort Worth, 1982); *Kennedy v. State*, 630 S.W.2d 509 (Tex.App. —Fort Worth, 1982).

Appellant's first ground of error is overruled.

In his second ground, appellant complains that the trial court improperly restricted his questioning during the voir dire examination, of the veniremen's attitude toward "Playboy" magazine.

Appellant has brought forward his alleged error by way of bill of exception.

The bill states that on voir dire, appellant's counsel "proposed to inquire of each of the jurors on the panel as to whether or not the jurors were familiar with 'Playboy' magazine and how they felt about its material."

Appellant does not specify how his inquiries concerning the prospective juror's attitudes toward "Playboy" magazine would have enabled him to better utilize his preemptory challenges.

■ The trial judge has the authority to limit the scope of voir dire, and the test for determining harm in such cases is whether or not the trial judge's limitation amounted to an abuse of discretion. *Trevino v. State*, 572 S.W.2d 336 (Tex.Cr.App.1978); *Emanus v. State*, 526 S.W.2d 806 (Tex.Cr.App.1975).

■ For us to consider appellant's contention, however, the record would have to contain the entire voir dire. *Payton v. State*, 572 S.W.2d 677 (Tex.Cr.App.1978); *Burkett v. State*, 516 S.W.2d 147 (Tex.Cr. App.1974).

No portion of the voir dire is in the record before us.

Appellant's second ground of error is overruled.

In the third ground, appellant complains hearsay testimony was allowed into the case.

The following exchange took place during the State's direct examination of its witness, James Lair, a former employee of Triangle News Stand:

"Q. You testified that you saw some obscene material, can you tell me, Mr. Lair, where you saw that material?

A. It was located underneath the cash register, bookcase that we had—well, it was not a bookcase, it was a cash stand and underneath it where we kept the coins and money, purses and things like that.

Q. Okay, did you ever sell any of this material?

A. No, sir. I didn't.

Q. Had you received any instructions regarding the sale of this material?

A. The only instructions I received was that it was off limits to me.

Q. Do you know whether or not any of that material—had you received any other instructions regarding who could sell it and who couldn't?

A. Well, it was not to be sold—

[DEFENSE COUNSEL] (Interrupting): Your Honor, we object to who gave the instructions and under what circumstances.

THE COURT: I'll overrule your objection. You may proceed.

[DEFENSE COUNSEL]: Instructions are hearsay, Your Honor, and we object to hearsay.

THE COURT: You may have your exception.

[DEFENSE COUNSEL]: Thank you."

■ Hearsay is an out of court statement offered in court to prove the truth of the matter asserted therein. *Ex Parte Martinez*, 530 S.W.2d 578 (Tex.Cr.App.1975).

■ If the out of court statement is not offered to prove the truth of the matter asserted, then the statement is not excludable as hearsay.

■ The testimony concerning the instructions received by Mr. Lair were not offered to prove the truth of the instructions, but rather to prove simply that instructions were in fact given, by the store's management, relative to the sale of pornographic material at the newsstand.

The crux of the case was whether appellant was aware of the sale of obscene material in his place of business.

The instructions by the manager concerning the sale or distribution of obscene material would be relevant to show that the management was aware that obscene matter was being offered for sale therein.

The following exchange also took place between the prosecutor and Mr. Lair without objection by appellant:

"Q. And what were the instructions regarding the sale of it?

A. My instructions were from the manager of the store. He told me that material was not to be sold by me and it was only to be sold to certain people.

Q. Okay. It was only to be sold to certain people?

A. Yes."

Even if appellant had subsequently made a delayed objection on the grounds of hearsay, it would not have been timely enough to preserve error. *Ward v. State*, 522 S.W.2d 228 (Tex.Cr.App.1975).

Also, by failing to object at all, the ground is not preserved.

Appellant's third ground of error is overruled.

■ In his fourth ground, appellant complains that the trial court improperly failed to charge the jury on the defense of entrapment.

The record does not reflect that appellant either requested a charge on entrapment or objected to its omission from the charge that the court did give.

By not requesting the charge or objecting to its omission, appellant failed to preserve the alleged error for review. *Martinez v. State*, 576 S.W.2d 854 (Tex.Cr.App.1979); *Welch v. State*, 576 S.W.2d 638 (Tex.Cr.App.1979); *Jackson v. State*, 536 S.W.2d 371 (Tex.Cr.App.1976). V.A.C.C.P. arts. 36.-14, 36.15.

Appellant's fourth ground of error is overruled.

■ In his fifth ground, appellant complained during the defense's opening statement, that the trial court commenting on the weight of not-yet-offered defensive testimony.

The following exchange occurred during appellant's opening statement, which took place prior to the reception of any evidence:

"[DEFENSE COUNSEL]: We also expect to show you that the only sales made of this material by Mike Maddox were made to the vice officers pursuant to the vice officers own solicitation under circumstances which we believe amount to entrapment. We submit to—we will attempt to prove that the vice officers had no real right to go by and encourage one to violate the law and then attempt to punish or penalize him for his violation that they have in fact induced and caused.

THE COURT: In that connection, Counsel, the jury is entitled to know that if the issue of entrapment is raised and the opinion of the Court sufficiently to charge you on it, you will be told about it in that charge. If you are not told about it, it is not an issue.

[DEFENSE COUNSEL]: Yes, sir. You will receive your law from the Court and, of course, what I say here is not facts, but this is the essential facts that the Defendant expects and intends to produce."

We hold that the statement of the court was not a comment on the evidence.

Appellant did not object to the comment by the trial court.

In the absence of a timely objection, nothing is presented for review. *Woods v. State,* 569 S.W.2d 901 (Tex.Cr.App.1978); *Dinn v. State,* 570 S.W.2d 910 (Tex.Cr.App. 1978).

Appellant's fifth ground is overruled.

Judgment is affirmed.