Mark Gregory EDWARDS, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–82–146 CR.

Court of Appeals of Texas, Beaumont.

June 29, 1983.

Douglas Barlow, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appellant, Mark Gregory Edwards, was indicted for aggravated robbery and a prior felony conviction of possession of LSD for sale. After proper admonishments, appellant pleaded no contest and was sentenced to twenty (20) years confinement in the Texas Department of Corrections. This appeal followed.

Appellant's sole ground of error avers the trial court erred in failing to grant appellant's motion to dismiss the indictment because of a denial of a speedy trial. This contention is without merit and should be overruled for several reasons.

Once a defendant has filed a motion to dismiss pursuant to the Speedy Trial Act, TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1982–1983), the State must then declare its readiness for trial at that time and at all times required by the Act. *Phipps v. State,* 630 S.W.2d 942 (Tex.

Cr.App.1982); *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979); *McMahon v. State,* 630 S.W.2d 730 (Tex.App.—Houston [14th Dist.] 1982, disc. rev. ref'd). This declaration is prima facie proof the State was in fact ready for trial at all required times. The defendant must then produce evidence demonstrating the State was not ready for trial. *Barfield v. State, supra; Fraire v. State,* 588 S.W.2d 789 (Tex.Cr.App.1979).

Appellant was indicted on March 4, 1982. On March 15, 1982, the case was reset until April 21, 1982. At that time, March 15th, the State announced ready for trial, well within the one hundred twenty (120) day time limit imposed by the Act. The State's announcement appears on the resetting form. On two other occasions involving resettings, the State made similar gratuitous announcements of ready. Again, this declaration is prima facie proof, unrebutted by appellant, that the State was ready for trial at that time. *Fraire v. State, supra.*

Additionally, appellant's motion for dismissal is neither dated nor filed. Consequently, it was not shown to have been presented to the trial court prior to trial, as required by the Act. TEX.CODE CRIM. PROC.ANN. ART. 32A.02, Sec. 3 (Vernon Supp. 1982–1983); *Leal v. State,* 626 S.W.2d 866 (Tex.App.—Corpus Christi 1981, no writ); *Corte v. State,* 630 S.W.2d 690 (Tex. App.—Houston [1st Dist.] 1981, disc. rev. ref'd).

A later part of the record affirmatively shows appellant pleaded guilty to the charge contained in the indictment. A plea of guilty waives all rights accorded by the Speedy Trial Act. TEX.CODE CRIM. PROC.ANN. ART. 32A.02, Sec. 3 (Vernon Supp.1982–1983); *Wooten v. State,* 612 S.W.2d 561 (Tex.Cr.App.1981); *Luna v. State,* 602 S.W.2d 267 (Tex.Cr.App.1980); *Ramirez v. State,* 590 S.W.2d 509 (Tex.Cr. App.1979); *McGee v. State,* 629 S.W.2d 182 (Tex.App.—Waco 1982, no writ).

For these several reasons, appellant's ground of error is overruled. The judgment is affirmed.