Billy JONES, Appellant,

v.

STATE of Texas, State.

No. 2–83–269–CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 12, 1983.

Lambros, Clay & Justice and Chrysanthe A. Lambros, San Antonio, for appellant.

Sam D. Millsap, Jr., Dist. Atty., and Edward F. Shaughnessy, III, Asst. Dist. Atty., San Antonio, for appellee.

Before FENDER, C.J., and HUGHES and ASHWORTH, JJ.

## OPINION

HUGHES, Justice.

Billy Jones was convicted by a jury of the offense of aggravated robbery with a deadly weapon. Punishment was assessed at thirty years in the Texas Department of Corrections, the enhancement allegations having been found true. Jones has appealed.

We affirm.

Appellant's fifth and sixth grounds of error urge insufficiency of the evidence to prove the allegations in the indictment beyond a reasonable doubt and the identity of appellant as a perpetrator of the offense.

Stuart Morgan, a security officer for Joske's, testified that he heard a crash in a

Joske's store at Windsor Park on February 8, 1982. When he arrived at the scene of the crash, the diamond salon, he saw four black men running away. He observed the license plate on their white Chevrolet automobile when they escaped in it. The number was XLW–568.

Later in the same day, when a beige Chevrolet, bearing license number XLW–568, was stopped by police in Weimar, Texas, it was found to contain two handguns, thirteen diamond rings, ring boxes, hats and the appellant with another black man. Appellant was the driver of the automobile. The rings were found stuffed down behind the seat of the automobile.

Regina Wersebe was one of the two ladies working in the diamond salon at the time when four black men came to her counter. One pointed a gun at her. Another smashed the glass on the counter with a hammer. The two others gathered jewelry. The four then ran out of the store. Both Ms. Wersebe and Florence Hoeneke, the other salesperson at the robbery scene identified appellant as one of the four robbers. Ms. Hoeneke testified that the participants put her "in fear of imminent bodily injury or death" at the time of the robbery. She also identified the rings recovered from the automobile as having Joske's Windsor Park markings on them and recognized them as part of her stock. She testified that the jewels were in her custody and control at the time of the robbery, and that they were taken without her consent.

■ Evidence is sufficient. *Green v. State*, 510 S.W.2d 919 (Tex.Cr.App.1974); *Moore v. State*, 446 S.W.2d 877 (Tex.Cr. App.1969). Grounds of error five and six are overruled.

■ Ground of error two asserts reversible error in the trial court's overruling appellant's motion to dismiss the indictment under TEX.CODE CRIM.PROC.ANN. art 32A.01 (Vernon Supp.1982). The only item in the record concerning a Speedy Trial Act violation is the motion to dismiss hereto referred. The said motion is not evidence and cannot be considered as such. *Nelson*

*v. State*, 629 S.W.2d 888 (Tex.App.—Fort Worth 1982). The first ground of error is overruled.

■ Did the trial court err in charging the jury on the law of parties without specifying the identity of the other actor with whom appellant allegedly acted? In applying the law to the facts in this case the trial court only referred to "Billy Jones, acting together with another as a party", and did not specify as to who "another" was. As appellant asserts "[e]vidence in the instant case is vague as to the identity of the party with whom appellant allegedly acted." The record is silent as to who allegedly acted with appellant, except for the testimony that there were four black men involved in the robbery. (Brandon Jones is only identified as the man who was with appellant when he was apprehended).

We were not favored with any precedents in either brief on this point, nor have we found any in our research. Certainly, it would have been more specific if "three black males" had been substituted for the "another" in the trial court's charge. However, we do not perceive that appellant was prejudiced by the charge as given and that the trial court made about as complete an application as it could. We overrule ground of error two.

We have three lines in appellant's brief devoted to ground of error three which admit counsel's unawareness of any Texas cases similar to this one. Appellant says the trial court erred in admitting evidence of an impermissible and improper pre-trial identification. Appellant says the identification was tainted. State says "taint so."

■ The gist of appellant's complaint is, that in a photographic "lineup" procedure, two days after the robbery, appellant's was the only photograph of a man in jail clothes shown to Ms. Hoeneke and Ms. Wersebe. Appellant was the only one identified by the ladies. From this testimony, it appears appellant was in jail garb. However, we hold that the trial court had the discretion to believe the testimony of the photographer when he answered, "That's correct" to

a statement by the State which asked: "Anyone not working directly with the jail would not know that that clothing, by itself, is jail clothing unless they were told so. Is that correct?"

We overrule ground of error three.

Our disposition of ground of error three effectively disposes of ground of error four which assumes an "impermissibly suggestive" pre-trial photographic lineup based on the jail clothes that tainted their in-court identification of appellant.

█ A totality of the circumstances do not reflect here a pre-trial procedure so impermissibly suggestive as to create a risk of "irreparable mistaken identification." *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). We overrule ground of error four.

We affirm.