**Barton Dean FORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–83–033–CR.**

Court of Appeals of Texas,
Texarkana.

March 20, 1984.

478

Barton D. Ford, pro se.

Bill M. Reimer, Comal County Atty., New Braunfels, for appellee.

CORNELIUS, Chief Justice.

Barton Dean Ford was convicted of speeding. He was charged with driving 72 miles per hour on a farm to market road in a 55 miles per hour speed zone. He contends that his motion to dismiss and to quash the complaint should have been granted because he was denied a speedy trial and the statute on which the conviction is based is unconstitutional. We disagree and affirm the judgment.

■ Ford filed a motion to set aside the complaint on grounds he was denied a speedy trial. See Tex.Code Crim.Proc.Ann. art. 32A.02 (Vernon Supp.1982–1983). There is nothing in the record to indicate that the motion was ever called to the trial court's attention and pursued to a ruling. Failure to pursue a motion to an adverse ruling prior to trial waives the provisions of the Speedy Trial Act. *Jumper v. State,* 636 S.W.2d 502 (Tex.App.—Fort Worth 1982, no pet.); *Maddox v. State,* 635 S.W.2d 456 (Tex.App.—Fort Worth 1982,

no pet.); *Leal v. State,* 626 S.W.2d 866 (Tex.App.—Corpus Christi 1981, no pet.); Tex.Code Crim.Proc.Ann. art. 32A.02, § 3 (Vernon Supp.1982–1983).

■ Ford next argues that the trial court erred in overruling his motion to quash the complaint because the statute under which he was convicted, Tex.Rev.Civ. Stat.Ann. art. 6701d, §§ 166, 169B (Vernon 1977), is unconstitutional. Section 166 of Article 6701d makes unlawful any speed in excess of that which is reasonable and prudent under the existing circumstances, and it provides that any speed in excess of the limit specified pursuant to the statute shall be prima facie evidence that the speed is not reasonable or prudent. Section 169B allows the State Highway Commission to set the speed limits below 70 miles per hour if it finds that certain conditions exist. The commission reduced the applicable speed limit here to 55 miles per hour because of the threatened loss of federal highway funds, one of the criteria permitted by Section 169B to be considered. Ford argues that because the limit is not related to safety conditions but only to economic considerations, it is not rationally connected to a reasonable and prudent speed, and consequently the presumption violates the due process clause of the United States Constitution. *See Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); *United States v. Romano,* 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); *United States v. Gainey,* 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965).

Excessive speeds may be unreasonable for reasons other than safety. Loss of federal money for highways and the impact of the fuel shortage are both important to the interests of the State and the general welfare of the public. A speed limit which would undermine the interests of the State and the general public in those areas can reasonably be said to exceed that which is reasonable and prudent under the circumstances. The fact proved is therefore rationally connected to the fact presumed,

and the presumption does not violate due process.

Additionally, there was direct evidence that Ford drove 72 miles per hour and that such a speed was unsafe and imprudent under the circumstances then existing, so the conviction is amply supported by evidence apart from the presumption.

The judgment of the trial court is affirmed.