

Kenneth S. Harter, Dallas, for appellant.

Henry Wade and John Vance, Dist. Attys., and R.K. Weaver, N.R. Stevenson, Jane Jackson and Donald G. Davis, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

**Paul Anthony TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 127–85.**

Court of Criminal Appeals of Texas, En Banc.

June 10, 1987.

On Rehearing Feb. 24, 1988.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Article 32A.02, § 3 provides that an accused waives rights under the Texas Speedy Trial Act (Act) by failing "to move for discharge under the provisions of this article prior to trial ..." In an opinion delivered soon after the Act became effective and followed consistently since (see Shepard's Texas Citations), the Court found the provision in § 3 means that "the first move [must] be made by the accused rather than the state," and then set out the order of further movements, *viz:*

*"Once the defendant files his motion to dismiss* for failure to adhere to the provisions of the Act, *the state must declare its readiness for trial* then and at the times required by the Act. *This* declaration is a prima facie showing of conformity to the Act, [footnote omitted) but *can be rebutted by evidence submitted by the defendant* demonstrating that the state was not ready for trial during the Act's time limits."

*Barfield v. State,* 586 S.W.2d 538, at 542 (Tex.Cr.App.1979).[1]

In the instant cause the court of appeals placed a burden on an accused "to develop a record substantiating his claim," and ultimately held that "failure [on the part of an accused] to show noncompliance by the State with the provisions of [the Act] precludes him from complaining of a violation of that act." *Taylor v. State* (Tex.App.— Dallas No. 05–83–00431–CR, delivered November 28, 1984), Slip Opinion, at 4. We granted appellant's sole ground for review to determine validity of the theory applied by the court of appeals to find that appellant failed to make an adequate record to preserve for review his motion to dismiss under the Act. The judgment of the court of appeals will be reversed and the cause remanded with directions.

From a premise that a motion to set aside, Article 32A.02, § 1, is not selfproving, the Court of Appeals reasoned that at the outset and in support of his motion to set aside (dismiss) a charging instrument, an accused must present evidence that the State was not timely ready for trial. While it may be found in opinions of other courts of appeals cited by the Dallas Court, that notion is at odds with *Barfield* and all its many followings.[2] And, curiously enough, *Barfield* is never mentioned in its opinion or by the parties in their papers.

The purpose and effect of a motion to dismiss for lack of compliance with the Act is to tender the issue, not to establish it. There is no need to disprove that which the State has not yet asserted in the cause at hand. The motion serves as a basis for the trial court to call on the State to declare, if it can, that it is now and was at all relevant times ready for trial. *Pate v. State,* 592 S.W.2d 620, at 621 (Tex.Cr.App.1980). Only then is a burden of rebuttal by way of evidence placed on the accused.

This Court has never construed the Act to require a showing that an accused "offered testimonial proof in support of his motion, requested an evidentiary hearing, or perfected a bill of exception" *before the State declares its readiness,* as the opinion below finds was not done. Just recently we reaffirmed its consistent adherence to the delineation in *Barfield* of the proper order of things. See *Satterwhite v. State,* 726 S.W.2d 81 (Tex.Cr.App.1986) (pending in Supreme Court on petition for writ of certiorari filed February 5, 1987); see also *Rodriquez v. State,* 689 S.W.2d 227, at 229 (Tex.Cr.App.1985); *Ex parte Hilliard,* 687 S.W.2d 316, at 318 (Tex.Cr.App.1985).

The real problem in this cause is lack of a record sufficient to inform any appellate court of just what transpired during the pretrial hearing that led the judge of the trial court to execute an order denying appellant's motion.[3] The order recites that

1. All emphasis is added throughout unless otherwise noted.

2. The authorities from *this* Court which the reader is directed by the Court of Appeals to "See also" are decisions in an entirely different scenario, *viz:* claimed error in denying a motion for discharge in one cause after a charging instrument has been set aside in another, under Article 28.061, V.A.C.C.P. Of course the movant must produce evidence *de hors* the record in the former to demonstrate the offense charged arose out of the same transaction as the offense in the cause in which a charging instrument was set aside. But readiness of the State is irrele-

vant, the issue having already been decided against it in the latter cause.

3. In the instant cause appellant asserts that during the course of a pretrial hearing his motion to dismiss "was considered by the trial court and summarily denied," and that he "failed to offer evidence in support of this motion." Brief for Appellant, at 3. He contends, however, that "admissions made by the State and matters known to the trial court, the Court of Appeals (and now this Court), establish all facts necessary to entitle Appellant to relief afforded by said act." *Id.,* at 5. The matters alluded to mainly make the point that indecency with a

it was heard and "after considering the facts and allegations contained therein," the court denies the motion. Of critical importance is whether the State declared its readiness for trial or, as it contends, relied on its earlier announcements in the first case, thereby putting the burden on appellant to rebut that declaration. *Barfield,* supra.

In fairness to both parties, and to the end of a just resolution of the issues under the Act, a *Barfield* hearing on appellant's motion to dismiss the indictment should be held in the trial court. *Smith v. State,* 659 S.W.2d 828 (Tex.Cr.App.1983) (Dissenting Opinion, at 831).

The judgment of the Dallas Court of Appeals is reversed and the cause is remanded to that court with directions to abate the appeal and remand the cause to the trial court for further proceedings consistent with this opinion.

TEAGUE, J., concurs with that part of the opinion that reverses the holding of the Court of Appeals, but dissents to the remainder of the opinion.

ONION, Presiding Judge, dissenting.

A Dallas County jury convicted appellant of aggravated rape. Punishment was assessed by the trial court at fifteen years' imprisonment. The conviction was affirmed by the Dallas Court of Appeals in an unpublished opinion. Taylor v. State (Tex.App.—Dallas, No. 05–83–00431–CR, Nov. 28, 1984). The Court of Appeals held, *inter alia,* "that appellant's failure to show noncompliance by the State with the provisions of Article 32A.02 (the Texas Speedy Trial Act) precludes him from complaining of a violation of that act." We granted

appellant's petition for discretionary review on a single ground for review, namely, whether the Court of Appeals erred by holding that appellant failed to make an adequate record to preserve for review his motion to dismiss filed under the Speedy Trial Act.

On December 13, 1982, appellant was indicted for the offense of aggravated rape of a child younger than fourteen years of age in Cause No. F–82–99015–T. Nine days later, December 22, 1982, the appellant filed a motion to dismiss this indictment for failure to comply with the Speedy Trial Act in that the State had not been ready to try him "within 120 days of the commencement of the prosecution." The motion alleged the "criminal prosecution" had commenced on or about May 1, 1982, when the appellant was arrested "for a similar offense based for (sic) the identical facts upon which the indictment in this case is based." The record does not clearly reflect whether a hearing was conducted on said motion. Appellant's brief candidly concedes "appellant failed to offer evidence in support of this motion." The record does include a signed order by the trial court dated December 22, 1982, denying the motion to dismiss the aggravated rape indictment. Said order, apparently attached to the motion upon presentation states:

"On this the 22 day of December 1982, came on to be heard Defendant's Motion to Dismiss the Indictment, and after considering the facts and allegations contained therein, the Court is of the opinion and so finds that said Motion should be (GRANTED) the Indictment in this cause is hereby DISMISSED) (DENIED)."

"/s/ Jack Hampton
JUDGE PRESIDING"

(Emphasis supplied.)

---

minor alleged in a prior indictment arose out of the same transaction as aggravated rape charged in the subsequent indictment to which his motion to dismiss is directed, so he relies on *Richardson v. State,* 629 S.W.2d 164 (Tex.App.—Dallas 1982).

For its part, the State "suggests that the only 'matters' which may have been relevant were those known to the trial court [when] it ruled on the [motion]." It tells us, "Plainly stated, Appellant never demanded a hearing on his

second Motion. The trial court, therefore, *pro forma* denied the Motion." State's Brief, at 5. The State contends that in any event its announcement of ready to the first indictment carried over to the second. But see *Behrend v. State,* 729 S.W.2d 717 (Tex.Cr.App.1987).

Except for an order denying the motion to dismiss, the record before us is barren of any statement of facts covering the pretrial hearing in question and any other indicia of what occurred with respect to the motion.

Trial upon the aggravated rape indictment commenced on January 5, 1983, which resulted in conviction.

In the designation of the record on appeal of the aggravated rape conviction in Cause No. F–82–99015–T appellant also designated "with reference to Cause # F82–86073" the following items:

"1. The Indictment

"2. The Docket Sheet

"3. The Motion filed by Defendant to Dismiss said Indictment under the Speedy Trial Act

"4. The Statements of Facts of the Testimony from the Pre-Trial Hearing on said Motion held on or about 12/9/82

"5. The State's Motion to Dismiss the Indictment."

The items above appear to pertain to an indictment of a Paul Anthony Taylor in Cause No. F–82–86073–T for indecency with a child returned on May 25, 1982. None of these items were introduced or made a part of the record of the aggravated rape case (F–82–99015–T) either before, during or after trial. These items are not part of the record of the conviction on appeal except by designation of record for the above appeal. There was no objection to the appellate record by the State.

On appeal appellant asserted that the trial court erred in overruling the motion to dismiss the aggravated rape indictment under the Speedy Trial Act on December 22, 1982 in that he was not indicted for aggravated rape until long after 120 days following his arrest, and that the State was not ready within 120 days because it failed to procure his presence.

The record shows the motion was presented to the trial court and acted upon in view of the court's order, but what otherwise transpired is not reflected by the record. On appeal appellant relies for error upon the items from another cause number. He contends these items show that he was arrested around May 1, 1982, for indecency with a child and was indicted on May 25, 1982 for such offense. Attention is called to the statement of facts of a hearing conducted on December 9, 1982 on appellant's motion to dismiss the indecency with a child indictment for failure of the State to be ready within 120 days of commencement of the criminal action in which he was charged with a felony. See Article 32A.02, § 1(1), V.A.C.C.P. The evidence at such hearing showed the State filed a written announcement of "ready" on May 28, 1982, and was still ready for trial. At the conclusion of said hearing the trial court overruled the motion to dismiss the indictment in the indecency with a child case (Cause No. F–82–86073–T).

On appeal the Court of Appeals appeared to accept the record as filed but observed that in regard to the "second" motion to dismiss there was no showing that appellant "offered testimonial proof in support of his motion, requested an evidentiary hearing or perfected a bill of exception" and that the motion to dismiss was not self-proving. That court also observed that the hearing on the "first" motion to dismiss concerned only the absence of appellant in calculating exclusions of time under the Speedy Trial Act, and that since the aggravated rape indictment had not even been returned at that time, there was no evidence presented that the offenses grew out of the same transaction, citing *McManners v. State*, 592 S.W.2d 622 (Tex.Cr.App.1980), and *Clark v. State*, 590 S.W.2d 512 (Tex. Cr.App.1979). The Court of Appeals concluded that appellant failed to make an adequate record to preserve for review his motion to dismiss the aggravated rape indictment.

The majority of this Court now reviewing the decision of the Court of Appeals states: "The real problem in this cause is lack of a record sufficient to inform any appellate court of just what transpired during the pretrial hearing that led the judge of the trial court to execute an order denying appellant's motion." Instead of recognizing that it was appellant's burden to bring forward the record to demonstrate the error claimed, as did the Court of Appeals, the majority reverses the judgment of the

Court of Appeals and orders that court to abate the appeal and remand to the trial court "for further proceedings consistent with this opinion." What the majority does is to authorize a de novo hearing on the pretrial motion to dismiss the indictment on the basis of a statutory provision—the Speedy Trial Act. The appellant is told that if at first he did not succeed he should "try, try again" for he is being given another bite at the apple. Such action is normally not engaged in by appellate courts, and it is passingly strange that the majority, whose view of the role of a reviewing court is usually different, agrees with the Court of Appeals that the record is inadequate but reverses that court's judgment and orders a new hearing on a pretrial motion in the trial court following abatement. Does the majority really write with a straight pen when it states: "In fairness to both parties...."

Is the exotic procedure authorized today by the majority limited to pretrial motions to dismiss indictments under the Speedy Trial Act, or is it applicable to all other motions by either party, where the "real problem ... is lack of a record sufficient to inform any appellate court of just what transpired...." to cause the trial judge to have entered the order he did?

Part of the problem is the majority's interpretation of the loose language used in *Barfield v. State*, 586 S.W.2d 538, 542 (Tex.Cr.App.1979).

The troublesome language at p. 542 and underlined reads:

"This provision would seem to require that the first move be by the accused rather than the state. If he does not do so, he waives his rights under the act and the state would not be required to show readiness in compliance with the Act's requirements. *Once the defendant files the motion to dismiss for failure to adhere to the provisions of the Act, the state must declare its readiness for trial then and at the times required by the Act.* This declaration is prima facie showing of conformity to the Act (footnote omitted), but can be rebutted by

evidence submitted by the defendant demonstrating that the state was not ready for trial during the Act's time limits." (Emphasis supplied.)

A common sense reading should here prevail. The language in *Barfield* was never intended by the members of this Court to say that the mere filing of such motion proves the allegations of the motion without more. That would be an absurd interpretation not used in connection with other motions filed in criminal cases.

In *Gray v. State*, 628 S.W.2d 228, 231 (Tex.App.—Corpus Christi 1982), Review Ref'd, it was stated:

"It may be argued that the case of *Barfield v. State*, 586 S.W.2d 538, 542, is authority for the proposition that the mere filing of a motion to set aside under the speedy trial act which is not answered by the State will authorize dismissal of the indictment. We do not so interpret *Barfield*. In that case, a hearing was held on the motion in which the defendant apparently offered no proof, but in which the State gratuitously stated that it was ready then and was ready within the times required by the statute. *Barfield* held that such an announcement was prima facie proof that the State had complied with the statute. Presumably, the motion in *Barfield*, with no offer of proof by defendant, would have been properly overruled by the trial court even without the State's announcement."

The language in *Barfield* cannot be given a literal interpretation. The motion to dismiss must be filed with the clerk of the court. The prosecutor need not be present. A literal reading would require the State to declare its readiness for trial "then and at times required by the Act" at the time of filing. If present, does the prosecutor make the announcement of ready to the clerk, deputy clerk, or to the defendant's counsel or to the defendant personally, if available? Of course not, the motion must be presented to the trail court for a ruling, *Edwards v. State*, 661 S.W.2d 733 (Tex.

App.—Beaumont 1983),[1] or else the speedy trial issue is waived. *Ford v. State*, 668 S.W.2d 477 (Tex.App.—Texarkana 1984), and cases there cited. When the motion to dismiss is presented to the trial court, the issue is tendered, and the State, not being bound by any allegations as to dates, mistrials, new indictments, reversals on appeal, etc., in the motion to dismiss, *then* must declare its readiness for trial at that time and at all relevant times under the Speedy Trial Act. If the State so declares the burden is on the accused to prove his motion to dismiss. All the language in *Barfield* does is to require a little unnecessary foreplay. It does not make the motion to dismiss self-proving,[2] nor make it that different from most other motions filed by either party in a criminal action.

To the unprecedent action taken by the majority I dissent. I would affirm the judgment of the Court of Appeals.

W.C. DAVIS and McCORMICK, JJ., join this opinion.

Before the court en banc.

## OPINION ON COURT'S OWN MOTION FOR REHEARING ON PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

In appellant's petition for discretionary review it is noted that appellant's motion to dismiss the indictment for failure to comply with the Speedy Trial Act, Article 32A.02, V.A.C.C.P., was overruled by the trial court. Complaint of this ruling was a point of error on appeal. It was rejected by the Court of Appeals. *Taylor v. State* (Tex. App.–Dallas 1985—No. 05–83–00431–CR). The Court of Appeals held the appellant failed "to develop a record substantiating his claim" and was precluded from complaining of a violation of the act.

We granted appellant's sole ground for review to determine validity of the theory applied by the Court of Appeals to find that appellant failed to make an adequate record to preserve for review his motion to dismiss the indictment under the Act.

The majority of this Court found that the "real problem in this cause is lack of a record sufficient to inform any appellate court of just what transpired during the pretrial hearing that led the judge of the trial court to execute an order denying appellant's motion." Relying upon the language in *Barfield v. State*, 586 S.W.2d 538, 542 (Tex.Cr.App.1979), the majority held that the purpose and effect of a motion to dismiss for lack of compliance with the Speedy Trial Act was "to tender the issue, not to establish it." It concluded that in "fairness to both parties" a *Barfield* hearing should be held in the trial court for a just resolution of the issues. The majority reversed the judgment of the Court of Appeals and remanded the cause to that court with directions to abate the appeal and remand the cause to the trial court for proceedings consistent with the majority opinion.

While the State's motion for rehearing was pending a majority of this Court has declared the Speedy Trial Act unconstitutional. *Meshell v. State*, 739 S.W.2d 246 (Tex.Cr.App.1987). Thus, we are faced with a matter of mootness. We granted rehearing on the court's own motion.

For the reasons set forth in our opinion in *Chacon v. State*, 745 S.W.2d 377 (Tex. Cr.App.1988), this day decided, the appellant's petition for discretionary review is dismissed for mootness.

---

**1.** See also *Jordan v. State*, 639 S.W.2d 477 (Tex. Cr.App.1982), where it was made clear that the State can make a prima facie showing by declaring *at the hearing on the motion to dismiss* that it was ready for trial within the time limits provided by the Act.

**2.** In *Jones v. State*, 659 S.W.2d 492 (Tex.App.— Ft. Worth 1983), it was held that the motion to dismiss was not evidence and could not be considered as such, and where such motion was the only item in the record concerning violation of the Speedy Trial Act it was properly overruled.