Hector Leyva HERNANDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 1177–83.

Court of Criminal Appeals of Texas, En Banc.

March 3, 1988.

Dolph Quijano, Jr., El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and David Clay Cowan, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty. and Cathleen

R. Riedel, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

A jury found appellant guilty of the offense of murder and assessed punishment at ninety-nine years' imprisonment.

On appeal appellant in his point (nee ground) of error number one contended that the trial court erred in overruling his pretrial motion to dismiss the indictment because of the denial of his statutory right to speedy trial. See Article 32A.02, V.A.C.C.P. The Court of Appeals, inter alia, rejected appellant's contention and affirmed the conviction, holding that the trial court did not err in refusing to dismiss the indictment on the basis that the State did not meet its burden of proof on the issue of diligence so as to exclude the time of its granted continuances for want of a witness. See Article 32A.02, § 4(6)(A), supra. *Hernandez v. State*, 663 S.W.2d 5 (Tex. App.1983).

Appellant in his sole ground of review in his petition for discretionary review urged:

"The Court of Appeals erred in sustaining the refusal of the trial court to dismiss the indictment because the State did not meet its burden of proof on the issue of diligence to exclude the time of its continuances for want of a witness."

We granted the appellant's petition to determine the correctness of the holding below.

In essence applicant's argument is the same as that before the Court of Appeals. He argues that even if the continuances granted the State because of the absence of FBI Agent Albrecht, where no subpoena was issued by the State, meets the broader standard of review under Articles 29.03 and 29.04, V.A.C.C.P.,[1] that such standard differs from a tolling of the Speedy Trial Act by a granted continuance under Article 32A.02, § 4(6)(A), where diligence is con-

cerned, and that this latter standard found in the Speedy Trial Act controls. Appellant therefore urges the trial court erred, not in granting the continuances, but in denying his motion to dismiss the indictment which deprived him of his statutory right to a speedy trial.

A majority of this Court recently declared Article 32A.02, supra, unconstitutional and void in its entirety. *Meshell v. State*, 739 S.W.2d 246 (Tex.Cr.App.1987). What appellant requests is that we reverse the judgments of the Court of Appeals and the trial court on the basis of a right or relief he is entitled to under a statute which has been declared unconstitutional in its entirety and which was void from its inception. See 12 Tex.Jur.3rd, Constitutional Law, § 41, p. 548. The ground of error before us is now moot. See and cf. *Chacon v. State*, 745 S.W.2d 377 (Tex.Cr. App.1988), and *Taylor v. State*, 745 S.W.2d 321 (Tex.Cr.App.1988).

The appellant's petition for discretionary review is accordingly dismissed.

CLINTON and MILLER, JJ., concur in the result.

---

**1.** See *McClendon v. State*, 583 S.W.2d 777, 779, 780 (Tex.Cr.App.1979); *Ashabranner v. State*, 557 S.W.2d 774, 778 (Tex.Cr.App.1977).