**Dan Stephen JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00447 CR.**

Court of Appeals of Texas, Dallas.

April 15, 1982.

Richard Alan Anderson, Dallas, for appellant.

Karen C. Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, STEPHENS and SPARLING, JJ.

CARVER, Justice.

Dan Stephen Johnson appeals from his conviction of credit card abuse. Punishment was enhanced by two prior felony convictions and a sentence of life imprisonment was imposed. We affirm.

The sole question presented for our review is whether the trial court properly denied Johnson's motion to dismiss for want of a speedy trial. *See* Tex.Code Crim.Pro. Ann. art. 32A.02 (Vernon Supp. 1981–1982). The record reflects that Johnson was arrested on September 12, 1979, indicted on October 17, 1979, and the State filed its written announcement of "ready" under this indictment October 30, 1979. Subsequently, the State discovered a defect confined to the enhancement paragraphs of the original indictment; secured a second indictment on April 16, 1980; and filed a written announcement of "ready" to the new indictment on April 22, 1980. Johnson filed his motion for dismissal, a hearing was conducted, and the trial court denied the motion.

Johnson urges that his speedy trial motion should have been sustained by the trial court because the State could not have gone to trial on the admittedly defective indictment in October 1979, despite its written announcement of ready on that date. We disagree. There was no defect in the indictment accusing Johnson of the primary offense or preventing the imposition of the statutory punishment therefor. The admitted defect in the indictment related only to enhancement allegations which, if correctly set out in the indictment and proved on trial, would only serve to impose a more onerous sentence upon Johnson. The State's announcement of ready in October 1979 was a prima facie showing of conformity with the Speedy Trial Act. *Barfield v. State*, 586 S.W.2d 538, 542 (Tex.Cr.App. 1979).

Johnson also urges that, since the first indictment was dismissed by the State without trial, the State's readiness in October was a nullity; consequently, the State's written announcement of ready on April 22, 1980, on the new indictment, was more than 120 days after Johnson's arrest and his motion should have been sustained. We disagree. Since we hold that the first indictment was not defective, in the sense that Johnson could be validly tried and convicted thereunder and given the statutory punishment therefor; we hold that the State's ready announcement in October 1979 was not a nullity, but a valid announcement in conformity with the Speedy Trial Act effective until the first indictment was dismissed. The dismissal of the first indictment does not mean that such indictment, or the State's readiness to try the same, may be ignored. To the contrary, Section 4, Subsection 7, Art. 32A.02 Code of Crim.Pro. Ann. (Vernon Supp.1981–1982) provides:

(7) if the charge is dismissed upon motion of the state or the charge is disposed of by a final judgment and the defendant is later charged with the same offense or another offense arising out of the same transaction, the period of delay from the date of dismissal or the date of the final judgment to the date from time limitation would commence running on the subsequent charge had there been no previous charge:

In *Durrough v. State*, 620 S.W.2d 134 (Tex. Cr.App.1981) the court states that:

This exclusion is designed to prevent abuse of the time limits by the State, and it should be construed to provide that the defendant is entitled to add (to the time on the subsequent charge) the time which expired while the previous charge was pending. *Id.* at 139.

Since, in *Durrough*, as in the present case, no time elapsed between dismissal of the earlier case and commencement of the second, no time was excluded under Subsection 7, but the court added the time pendency of the earlier case, not counting that portion of the time attributable to the defendant's motions for continuance. By the same reasoning, we hold that the time which ran on the former charge here must be added to the present calculation, but not

counting that portion which elapsed after the State announced ready. Under this construction, we find that there was no violation of the Act.

Johnson was arrested September 12, 1979, and the State's announcement of ready was filed October 30, 1979, thus, 42 days of the State's 120 day period following Johnson's arrest expired under the first indictment. Similarly, when Johnson was reindicted on April 16, 1980, the running of the 120-day time period, within which the State was required to announce ready, was resumed, and it ran until the State filed its written announcement of ready on the new indictment on April 22, 1980, thus, an additional 6 days was chargeable to the State. Johnson was only entitled to add the two periods, 42 plus 6 or a total of 48 days, in urging his motion. Since the expired days under both indictments was less than the 120 days permissible, the trial court correctly denied Johnson's motion.

Affirmed.