**Robert Franklin WILLCUTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05-83-00500-CR.**

Court of Appeals of Texas,
Dallas.

March 29, 1984.

Ross Teter, Dallas, for appellant.

Henry Wade, Dist. Atty., Donald G. Davis, Asst. Dist. Atty., Dallas, for appellee.

Before STOREY, SPARLING and GUILLOT, JJ.

SPARLING, Justice.

Appellant was convicted of inflicting serious bodily injury on a child and sentenced to twenty years' imprisonment. Appellant contends that (1) the evidence was insufficient and (2) he was denied a speedy trial. We affirm.

Viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. *See Houston v. State,* 663 S.W.2d 455. (Tex.Cr.App.1984) (not yet reported); *Wilson v. State,* 654 S.W.2d 465 (Tex.Cr.App.1983). The indictment charged that appellant knowingly and intentionally caused serious bodily injury to a child by shaking her. Appellant did not deny causing the injury but testified that the two-month-old child was injured when he fell while carrying her.

No bumps, bruises, abrasions or cuts of any nature were found on the child. The physician who examined her testified that the physical injury—protracted loss and impairment of the brain—was consistent with a violent shaking. He further testified that "there [was] no way the injury ... occurred from a fall."

The fact finder is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given their testimony. *Limuel v. State,* 568 S.W.2d 309 (Tex.Cr.App.1978); *Vanderbilt v. State,* 629 S.W.2d 709 (Tex.Cr.App.1981).

Circumstantial evidence may, if adequate in quantity, suffice to rebut exculpatory statements. *Thompson v. State,* 621 S.W.2d 624 (Tex.Cr.App.1981). We hold that the evidence was sufficient.

Appellant next argues that he was deprived of his statutory right to a speedy trial. TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1979). The record reveals the following sequence of events:

| | |
|---|---|
| Arrest | October 22, 1982 |
| Indictment | December 1, 1982 |
| State announced ready | December 8, 1982 |
| Reindictment | March 22, 1983 |
| Trial | April 11, 1983 |

Appellant was first indicted for injury to a child, a third-degree felony, and later reindicted for the first-degree felony of serious bodily injury to a child. *See* TEX.PENAL CODE ANN. § 22.04(a)(1) and (4) (Vernon Supp.1982–83). Appellant argues that prosecution under the second indictment, returned twenty-five days after the 120-day limitation period, was barred. We disagree.

In *Durrough v. State,* 620 S.W.2d 134 (Tex.Cr.App.1981) (*en banc*), the Court held that article 32A.02, § 4(7) implies a continuing relationship between time periods covered by a previous and a subsequent indictment. The court clarified its conclusion in *Denson v. State,* — S.W.2d —, No. 63,428 (Tex.Cr.App. July 7, 1982, rehearing granted) (not yet reported), holding that the Speedy Trial Act treats together all offenses arising in the same transaction and that announcements of ready to proceed to trial on one offense carry over to another offense arising out of the same transaction.

The two offenses charged in the instant case arise out of the same transaction—injury to a child. The State's announcement of ready under the first indictment carries over to the second indictment. *Denson; Rosebury v. State,* 659 S.W.2d 655 (Tex.Cr. App.1983) (*en banc*); *Ward v. State,* 659 S.W.2d 643 (Tex.Cr.App.1983) (*en banc*); *Johnson v. State,* 632 S.W.2d 658 (Tex. App.—Dallas 1982, no pet.); *Foggle v.*

*State,* 632 S.W.2d 402 (Tex.App.—Fort Worth 1982, no pet.).

 We hold appellant did not meet his burden of proving a violation of the Act. *See Madrigal v. State,* 634 S.W.2d 782 (Tex.App.—Austin 1982, no pet.). Appellant conceded that the State was ready to proceed under the first indictment, and the announcement of ready tolls the running of the Act until the presumption of readiness is rebutted. *Canada v. State,* 660 S.W.2d 528 (Tex.Cr.App.1983). The prosecutor stated that, with the exception of excludable periods, he was at all times ready to proceed. Appellant did not rebut the presumption. Accordingly, we hold the Speedy Trial Act was not violated. We overrule both of appellant's grounds of error and affirm the conviction.

Affirmed.