**Floyd LITTLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00185–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 16, 1985.

Robert H. Spicer, San Antonio, for appellant.

David R. Gutierrez, Dist. Atty's. Office, Karnes City, for appellee.

Before ESQUIVEL, BUTTS and REEVES, JJ.

## OPINION

REEVES, Justice.

This is an appeal from a conviction for misapplication of fiduciary property over $10,000. A jury found appellant guilty, and the court assessed punishment at ten years in the Texas Department of Corrections, probated the sentence, assessed a fine of $1,000, and ordered restitution.

Appellant sets forth two grounds of error: first, that the trial court erred in denying his motion to dismiss under the Speedy Trial Act; and second, that there is insufficient evidence to establish appellant's guilt beyond a reasonable doubt.

■ Appellant filed a Motion to Dismiss and Set Aside the Indictment, based on the State's failure to provide a speedy trial. The docket sheet and the statement of facts both indicate that the trial judge held a hearing and took the motion under advisement, but the record does not disclose that the defendant ever obtained an adverse ruling on the matter. Defendant's failure to secure an adverse ruling on his motion preserves nothing for review. *Collection Consultants, Inc. v. State*, 556 S.W.2d 787, 795 (Tex.Crim.App.1977), *appeal dismissed*, 436 U.S. 901, 98 S.Ct. 2228, 56 L.Ed.2d 399, *rehearing denied*, 438 U.S. 908, 98 S.Ct. 3127, 57 L.Ed.2d 1150 (1978).

■ Even if the error has been preserved, appellant's contention is untenable. The record discloses testimony of the State's attorney that the State had been ready within the 120 day time limit. Given that evidence, the defense then has the burden of proving that the announcement was made in bad faith or that the State could not have been ready. *Ward v. State*, 659 S.W.2d 643, 647 (Tex.Crim.App.1983). The defense not only failed to rebut the State's claim of preparedness, he confirmed it, stating that both the State and the defense had been ready on the original indictment since February 25, 1982, fifty-two days after the original indictment was filed. The defense argued only that the State dismissed the original indictment and reindicted the defendant on the same of-

fenses forty-six days later. Such an argument is insufficient to rebut the State's announcement of ready, since an announcement of ready on one offense carries over to another arising out of the same transaction. *Willcutt v. State*, 669 S.W.2d 404, 405 (Tex.App.—Dallas 1984, no pet.). *See also Durrough v. State*, 620 S.W.2d 134 (Tex.Crim.App.1981). Defense counsel points to no delay other than the above mentioned ninety-eight days which can be attributed to the prosecution.

Appellant's ground of error one is overruled.

■ In ground of error two, appellant challenges the sufficiency of the evidence. The standard of review for such a ground of error is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *Griffin v. State*, 614 S.W.2d 155, 159 (Tex.Crim.App.1981).

Appellant Floyd Little was charged with a violation of Texas Penal Code article 32.-45, Misapplication of Fiduciary Property or Property of Financial Institution. The indictment alleges, in relevant part, the following:

> ... That Floyd Little ... did ... unlawfully, intentionally and knowingly misapply property, ... he held as a fiduciary, to-wit: as a trustee as evidenced by written ... security agreement[s], ... in a manner that involved substantial risk of loss to ... the owner of said property, by ... disposing of said property in a manner other than as stated in the ... agreement[s] under which said property was held....

Appellant had entered into a series of written security agreements with the Security State Bank of Pearsall (hereafter "the bank" or "secured party."). The bank made loans to appellant for which appellant pledged a number of accounts receivable.

The invoice representing each account receivable was attached to the security agreement until the appellant received payment on the invoice and then repaid his loan. Then the invoices were returned to the appellant. Each security agreement provided as follows:

> All proceeds in the form of cash and negotiable instruments for the payment of money received by Debtor [appellant] in payment of any of the assigned Accounts or Contract Rights will be *held in trust* for Secured Party and *promptly paid over to Secured Party for application upon the indebtedness of Debtor* to Secured Party, the order and method of application to be in the sole discretion of Secured Party. [Emphasis added.]

The record contains evidence that the appellant entered each agreement voluntarily. The State introduced certain checks made payable to the appellant's company. The makers of the checks, or representatives of the makers testified that the checks were in payment of specific invoices, which they enumerated, and that the checks had been paid by their respective banks. The invoice numbers listed by the witnesses as paid which can be matched to the invoices pledged to the bank total over $10,000, which is the minimum amount necessary for the offense under which appellant was indicted. Jack B. Dunkin, loan officer at the bank, testified that Little had failed to apply the money he received on the pledged invoices to Little's loans, and that the total amount due and owing at the time of trial was $34,280.83.

The State produced no evidence as to what happened to the money after it was deposited in appellant's account, except to show that it had not been applied to the loans.

The issue in this ground of error is whether the appellant could have been found guilty of misapplying the fiduciary property if the state did not prove how he applied it, only that he did not apply it according to the terms of the agreement.

Article 32.45 of the Texas Penal Code requires the State to identify the parties to an agreement, the property pledged, the duty owed, and the breach of that duty. TEX.PENAL CODE ANN. § 32.45 (Vernon 1983); *Showery v. State*, 678 S.W.2d 103, 108 (Tex.App.—El Paso 1984, no pet.). The State established an agreement under which appellant owed a duty to the bank to hold certain funds (proceeds of specific accounts receivable) in trust for the bank and to pay the funds to the bank. The question remaining is whether the State established that appellant's conduct constituted a breach of that agreement.

Every offense has as one of its essential elements some kind of forbidden conduct. TEX.PENAL CODE ANN. art. 1.07(a)(13)(A) (Vernon 1983). The forbidden conduct in an offense under article 32.45 is misapplication. *Showery, supra*, at 108. Conduct can be an act or an omission. TEX.PENAL CODE ANN. art. 1.07(a)(8) (Vernon 1983). It was so defined in the court's charge without objection. Misapplication, therefore, can be an omission, or failure to act where a duty to act exists.

"Misapply," as defined by statute is "to deal with property contrary to an agreement under which the fiduciary holds the property." TEX.PENAL CODE ANN. art. 32.45 (Vernon 1983).

If an agreement requires a person to hold funds in trust and to promptly pay the funds to the beneficiary, failure to pay the funds to the beneficiary is a breach of the agreement and when added to the other elements, constitutes an offense. The actual disposition of the money is immaterial—whether he kept it or donated it to charity. We hold, therefore, that the State is not required, under article 32.45, to prove how the fiduciary applied the funds, if the State has proved that the fiduciary failed to apply the funds according to the terms of the agreement.

A rational jury could have found that appellant, by receiving the money from the accounts receivable and by not applying that money to reduce his indebtedness, dealt with the funds contrary to the agree-

ment under which he held the property. Appellant's ground of error two is overruled.

The judgment of the trial court is affirmed.