IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-276-CR





DALE ST. JOHN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0932119, HONORABLE TOM BLACKWELL, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of misapplying fiduciary property having an aggregate
value greater than $10,000 but less than $100,000. Tex. Penal Code Ann. §§ 32.03 (West 1989)
& 32.45 (West 1989 & Supp. 1994). The jury assessed punishment at imprisonment for twenty
years and a $10,000 fine.

 During 1990 and 1991, appellant sold "substandard" automobile liability insurance
at offices located in Dallas County. (1) Neither appellant nor the persons he employed to staff these
offices had the license required by law to sell such insurance. The evidence shows that appellant
regularly failed to forward customers' applications for insurance and premium payments to the
insurance company or assigned-risk pool shown on the applications. As a result, these customers
did not receive the insurance coverage for which they had contracted with appellant. 

 Appellant contends the evidence is not legally sufficient to sustain a finding that he
misapplied the premium payments because the State failed to prove that the money he kept
exceeded that to which he was entitled as a commission. Appellant relies on the opinion in
Johnson v. State, 783 S.W.2d 19 (Tex. App.--Fort Worth 1989, pet. ref'd). In Johnson, the
defendant contracted with the complainant to build a house. The State proved that after the house
was completed and all payments were made under the contract, mechanics and materialmen's liens
totalling approximately $18,000 remained on the house. The complainant testified that he did not
know the actual cost of construction or what the defendant had done with the money he had been
paid under the contract. The court held that this evidence did not support the defendant's
conviction for misapplication of fiduciary property because it did not exclude the reasonable
hypothesis that the defendant used all the money paid by the complainant to pay construction
expenses as required by the contract, and that the house simply cost more to build than the
contract price.

 This cause is distinguishable from Johnson. First, the "reasonable alternative
hypothesis" construct for testing the legal sufficiency of circumstantial evidence has been
abandoned. Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991). Second, the complainant
in Johnson got the house he contracted for and the evidence left a reasonable question whether the
unpaid liens were due to legitimate cost overruns rather than a misapplication of funds by the
defendant. In this cause, on the other hand, appellant's customers did not get the automobile
liability insurance for which they contracted. Appellant's failure to process the insurance
applications properly contradicts his suggestion that he lawfully retained the premium payments
pursuant to commission agreements.

 Appellant was acting in a fiduciary capacity when he accepted money to purchase
automobile liability insurance. Talamantez v. State, 790 S.W.2d 33, 36 (Tex. App.--San Antonio
1990, pet. ref'd). The evidence establishes that appellant kept the customers' money and failed
to secure the liability insurance for which it had been paid. Having proved that appellant failed
to apply the money he received to the purpose for which it was paid, the State was not obligated
to prove what appellant actually did with the money. Little v. State, 699 S.W.2d 316, 318 (Tex.
App.--San Antonio 1985, no pet.). Point of error three is overruled.

 In points of error one and two, appellant contends the prosecutor improperly
commented on his failure to testify. The challenged remark was made during argument at the
guilt stage of trial:


 In the end, Mr. St. John is like a lot of defendants. He's a coward. He's
got to hide behind the skirts and blue jeans --


 MR. CUNNINGHAM [defense counsel]: I object to that, Judge. He has
no right to make that characterization at this point in time.


 THE COURT: Ladies and gentlemen, you take the evidence from the
witness stand and the law from the Court's charge.


 MR. LANE [prosecutor]: I've got every right to make that argumentation
because that's exactly the system that Dale St. John put into play. The system
allows him to hide behind a bunch of other kids and other people.



 The alleged error was not preserved because appellant neither objected on the
ground he now advances nor obtained a ruling on the objection he made at trial. Tex. R. App.
P. 52(a). Even if the alleged error had been preserved, the context shows that the prosecutor's
remark was not a comment on appellant's failure to testify, but a reference both to appellant's
business practices and his defensive theory at trial. Appellant hired young people without prior
insurance experience to staff his offices. By cross-examination and in jury argument, the defense
attempted to blame others for the misapplication of premium payments. The State was entitled
to comment on the evidence and respond to the defensive argument. Points of error one and two
are overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: April 6, 1994

Do Not Publish

1. Although the conduct for which appellant was convicted took place in Dallas County,
prosecution in Travis County was proper. Tex. Ins. Code Ann. art. 21.79B (West Supp.
1994).