**Orlando David HINOJOSA, Appellant,**

**v.**

**STATE of Texas, Appellee.**

**No. 04–83–00416–CR.**

Court of Appeals of Texas, San Antonio.

Dec. 31, 1984.

Michael Ugarte, San Antonio, Jose Perales, San Antonio, for appellant.

Sam Millsap, Jr., Dist. Atty., Mario Bordini, Margaret Embry, Asst. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and DIAL, JJ.

## OPINION

CADENA, Chief Justice.

Appellant pleaded guilty to a charge of burglary of a habitation, made a judicial confession and was sentenced to five years' imprisonment. On this appeal he contends that the trial court erred in denying his motion to dismiss the indictment because of failure of the prosecution to comply with the provisions of the Speedy Trial Act, TEX.CODE CRIM.PROC.ANN. arts. 32A.01, 32A.02 (Vernon Supp.1984).

On September 29, 1982, officers, executing a search warrant at an apartment occupied by Angie Hessbrook, discovered appellant hiding in the attic space above a closet. His attempt to escape was unsuccessful, and he was handcuffed and told to sit on a sofa while the officers conducted the search of the apartment. When the search was completed, appellant was taken to police headquarters and questioned for about 45 minutes. He was then released. No charges were filed against him and he was not required to furnish bail or to execute a personal bond. Appellant remained handcuffed from the time he was discovered in the attic until the questioning terminated and he was unconditionally released some four hours later.

A complaint charging appellant with burglary of a habitation was filed on October 29, 1982. Appellant was indicted on March 23, 1983, and the State first announced ready on March 28, 1983. Appellant's speedy trial motion was timely filed and he preserved his right to appeal from the denial of that motion despite his subsequent plea of guilty.

Under the statute, a defendant accused of a felony is entitled to have the indictment set aside if the State is not ready for trial within 120 days of the commencement of [the] criminal action. Art. 32A.02 § 1(1). According to § 2 of art. 32A.02,

A criminal action commences for the purposes of this article when an indictment, information, or complaint against the defendant is filed in court, unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested.

Appellant contends that the criminal action commenced on September 29, 1982, the day he was arrested. However, since he was unconditionally released and no charges were filed against him, under the holding in *Lyles v. State*, 653 S.W.2d 775, 776 (Tex.Crim.App.1983), the criminal action did not "commence" on the date of such arrest.

The judgment of the trial court is affirmed.