**Larry JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–85–00231–CR.**

Court of Appeals of Texas,
San Antonio.

June 17, 1987.

---

1. At the time Lovelace filed its brief the applicable provision was Tex.R.Civ.P. 364. (Vernon 1985).

Ted Arevalo, San Antonio, for appellant.

Fred G. Rodriguez, Crim. Dist. Atty., Sam Millsap, Former Crim. Dist. Atty., Mike Edwards, Barbara Hervey, San Antonio, for appellee.

Before ESQUIVEL, DIAL and CHAPA, JJ.

## OPINION

CHAPA, Justice.

Appellant, Larry Johnson, was tried before a jury on February 20, 1985, for the offense of robbery by injury. He was found guilty, and punishment was assessed at imprisonment for ten (10) years. This case now comes before us on remand from the Court of Criminal Appeals for reconsideration of appellant's point of error.

The record reflects that the alleged offense took place on November 21, 1983. On December 8, 1983, appellant was arrested, questioned about the robbery, and released outright without posting a bond. Appellant was indicted on March 14, 1984, for the robbery. The State announced ready, in writing, on March 23, 1984. The appellant was arrested for the robbery on September 27, 1984, and the trial was set for December 3, 1984. The State announced "ready" on December 3, 1984, and "ready before all times prior to today." Appellant filed a motion for continuance on December 3, 1984, announcing "not ready" and received a favorable ruling from the

trial court. The case was reset to February 19, 1985, for trial to a jury.

Appellant's sole point of error alleges the trial court erred in denying his motion to dismiss on grounds of a violation of the Speedy Trial Act, TEX.CODE CRIM.PROC. ANN. art. 32A.02, the Sixth Amendment of the United States Constitution, TEX. CONST. art. I, § 10 and TEX.CODE CRIM. PROC.ANN. art. 1.05.

TEX.CODE CRIM.PROC.ANN. art. 32A.02 provides in part:

Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;

\* \* \* \* \* \*

Sec. 2(a). Except as provided in Subsections (b) and (c) of this section, a criminal action commences for purposes of this article when an indictment, information, or complaint against the defendant is filed in court, unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested.

TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1986) (hereafter referred to as Article 32A.02).

Initially, appellant contends the law was violated because the 120 day period commenced on December 8, 1983, when the appellant was arrested, questioned about the robbery, and released outright without posting a bond. We disagree.

■ When an accused is arrested for an offense, questioned, and released with no charges filed against him, the criminal action does not commence on the date of the arrest but on the date the charges are filed against him. *Lyles v. State*, 653 S.W.2d 775, 776 (Tex.Crim.App.1983) (en banc). *Hinojosa v. State*, 685 S.W.2d 374 (Tex. App.—San Antonio 1984, no pet).

■ Appellant contends further violations of his speedy trial rights because of lack of due diligence on the part of the State which resulted in appellant's delayed arrest on September 27, 1984. We disagree.

Article 32A.02, § 4 provides in part:

In computing the time by which the state must be ready for trial, the following periods shall be excluded:

\* \* \* \* \* \*

(4) a period of delay resulting from the absence of the defendant because his location is unknown and:

(A) he is attempting to avoid apprehension or prosecution; or

(B) the state has been unable to determine his location by due diligence;

The record reflects that appellant gave one address, which was the same one on the booking slip and the bond, to Deputy Samuel Martin, Jr. at the jail. However, appellant gave a different address for the same period of time while under oath during the hearing to dismiss. Further testimony of Deputy Martin revealed his efforts in checking a criss-cross reference system regarding the appellant, in checking for a social security number of the appellant, in inquiring with the police department and informants about the appellant, and in checking the area involved were futile. Although Deputy Martin resided one block from the address alleged by the appellant to be his residence throughout, all efforts to find appellant failed in spite of Deputy Martin being equipped with a photograph of the appellant. Eventually the appellant was arrested on September 27, 1984, at a different location from any previously revealed by the record. The record thus reflects sufficient evidence to exclude the period between the filing of the charges (March 14, 1984) and the arrest (September 27, 1984) for purposes of Article 32A.02.

Appellant further alleges violation of his speedy trial rights, contending the announcement of ready by the State was insufficient compliance with the law. We disagree.

■ The standard for dismissal under Article 32A.02, § 1, "the state is not ready for trial," refers to the preparedness of the prosecution for trial and does not encompass the trial court and its docket. *Barfield v. State*, 586 S.W.2d 538 (Tex.Crim. App.1979). Under Article 32A.02, a declaration of the State that it is ready for trial is *prima facie* showing of conformity to the Act, whether the prosecution set the case for trial or not. The defendant then may rebut the State's declaration with evidence from any source including cross-examination of the State's agents charged with the responsibilities for preparing the case to demonstrate that the State was in fact not ready within the time limit. *Barfield*, 586 S.W.2d at 542. The *prima facie* showing by the State of compliance with the statute was satisfied by the written announcement of March 23, 1984. The record reflects the appellant has failed to rebut the State's *prima facie* showing of conformity with the statute.

Appellant also alleges violation of his speedy trial rights pursuant to the Texas and United States Constitutions. An accused in Texas has guaranteed speedy trial rights under the United States Constitution through the Fourteenth Amendment and under the Texas Constitution through art. I, § 10. *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); *Fariss v. Tipps*, 463 S.W.2d 176 (Tex.1971).

■ A "balancing test" is required in determining whether appellant has been deprived of his constitutional rights to a speedy trial which involves four factors: the length of the delay, the reason for it, appellant's assertion of his speedy trial right, and the possible prejudice to appellant because of the delay. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Phillips v. State*, 650 S.W.2d 396 (Tex.Crim.App.1983). In the case at bar, approximately nine months passed from the time appellant was indicted and the time the case was set for trial, which certainly raises the issue. The record indicates that the delay was occasioned by appellant's attempts to avoid apprehension or prosecution and inability of the State to determine the location of appellant by due diligence. The record further reflects that the cause was set for trial on December 3, 1984, and the appellant requested and obtained a continuance until February 19, 1985. On February 19, 1985, appellant asserted for the first time his speedy trial rights by filing a motion to dismiss. It is clear from the record that the motivation of appellant was to obtain a dismissal rather than a speedy trial.

In considering the factor of prejudice, the courts require only "some showing" that the delay has be prejudicial to the appellant. *Moore v. Arizona*, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973); *Phillips v. State*, 650 S.W.2d 396. However, the record, appellant's brief, and argument fail to demonstrate "some showing" the delay prejudiced the accused. Having successfully obtained a continuance from December 3, 1984, to February 19, 1985, on an announcement of "not ready," we can reasonably assume the appellant was not ready for trial until February 19, 1985. Thus obviously, appellant's efforts on February 19, 1985, in asserting his speedy trial rights for the first time were motivated to dismiss the cause against him rather than to obtain a speedy trial, which attenuates the strength of his claim. *McCarty v. State*, 498 S.W.2d 212, 216 (Tex.Crim.App. 1973). Applying the "balance test" we find that appellant has failed to show a violation of his constitutional rights. Point of error one is overruled.

The judgment of the trial court is affirmed.